## J. B. GOOD, SHERIFF, v. S. SHERMAN AND OTHERS, TRUSTEES, ETC.

1. When the franchises, track, etc., of a railroad company are sold under execution, as allowed by Article 4914, Paschal's Digest, the directors become trustees by virtue of the subsequent Article 4916; and all unsold property of the company passes to such trustees, for the benefit of any creditors of the company. Stockholders of the company can have no priority over the creditors.

2. In 1866, B. recovered judgment against a railroad company. In 1868, by virtue of other judgments against the company, its franchises, track, etc., were sold under execution ; but certain town lots of the company remained unsold. In 1872, execution from B.'s judgment was levied on these town lots; and the present is a suit to enjoin the sale, brought by

the trustees (formerly directors) of the company, whose petition acknowl-
edges the judgment debt to B., but fails to show that there is any other
creditor of the company, and fails to account for the delay of petitioners
in applying the property to B.'s demand. *Held,* that the injunction was
erroneously granted. Under such a state of facts, B. should not have
been restrained from enforcing his judgment by sale of the property.

APPEAL from Colorado. Tried below before the Hon. L.
Lindsay.

The opinion and the second head-note disclose the material
facts. R. L. & B. W. Breeding were the judgment creditors,
and were co-defendants and appellants with the sheriff.

*Harcourt & Harcourt,* for the appellants.

*W. J. Darden,* for the appellees.

WALKER, J. The effects of the Buffalo Bayou, Brazos, and
Colorado Railroad Company, having been sold out on the first
Tuesday in June, 1868, the directors, by operation of law
(Article 4916, Paschal's Digest), became the trustees of the
sold-out company, and if there remained any property unsold,
it passed into their hands for the benefit of creditors. But in
their petition for injunction against the sheriff, James B. Good,
and Breeding, they do not aver that there are any creditors
other than B. W. Breeding, who, they admit, held a judgment
for two thousand five hundred dollars, and the costs of his suit
against the Railroad Company. The stock-holders of the sold-
out company could not claim priority over creditors.

Though it be true that these appellees by operation of law
became the trustees of the sold-out company, yet, they having
neglected for four years to apply the trust fund to the discharge
of debts, and now, in the absence of any showing that there
are other creditors whose rights a court of equity should pro-
tect, we do not believe that the law would restrain a judgment
creditor from proceeding directly against the fund in their
hands.

The judgment of the District Court perpetuating the injunction will therefore be reversed, and the cause dismissed.

Reversed and dismissed.