## G. H. & San Antonio R. R. Co. v. Louisa McDonald.

*(Case No. 4050.)*

1. Equity. — Equity will in a proper case aid a judgment creditor when he cannot otherwise obtain satisfaction of his debt by the ordinary legal remedies.

2. Garnishment — Equity. — A proceeding by garnishment in behalf of a judgment creditor is ordinarily intended to reach such rights, credits and effects only as are of a legal nature, and not incumbered with trusts; when they are thus incumbered a proceeding in equity is the appropriate remedy.

3. Equity — Necessary parties. — See statement and opinion for facts as to necessary parties to a proceeding in equity to compel trustees to satisfy a judgment from trust assets, the legal title and possession being in a third party.

Appeal from Harris. Tried below before the Hon. James Masterson.

Suit brought by Louisa McDonald, whose petition contained the following allegations of fact, substantially:

1. That the Buffalo Bayou, Brazos & Colorado Railway was, prior to the 11th day of June, 1868, indebted to the estate which appellee represents.

2. That the company, its road-bed, track, franchises and chartered powers and privileges, were sold in July, 1868, under an execution, and in July, 1870, under deed of trust.

3. That on the 2d of December, 1870, appellee obtained judgment on said indebtedness in the district court of Harris county, Texas, against the trustees of the creditors and stockholders of the sold out Buffalo Bayou, Brazos & Colorado Railway in their capacity as such.

4. That execution issued within a year on that judgment, and was returned no property found to satisfy the same, and that there is no property subject to levy and sale under execution to satisfy the judgment.

5. That the defendant, Galveston, Harrisburg & San Antonio Railway Company, holds the legal title to certain lands in Harris county, wherein said trustees, in their capacity as

such, have an interest of one-half, and that the company is indebted to said trustees in their trust capacity, under an agreement in a trust conveyance executed by the Buffalo Bayou, Brazos & Colorado Railway Company on the 11th day of June, 1868, which agreement was attached to plaintiff's pleadings and made a part thereof.

6. That her judgment is a lien on the land; and that the land is in law and equity liable to the payment of the judgment, and prays that said land be subjected and sold to the payment of said judgment, and that the indebtedness of the Galveston, Harrisburg & San Antonio Railway Company be also subjected to the payment of her judgment, and for general relief, etc.

The trustees of the sold out company were also made parties defendant.

The defendants answered separately by general demurrer and general denial and made no other defense.

The court overruled the general demurrer, and on the trial the defendant, appellant, admitted that there was due from it, under the agreement of the 11th of June, 1868, to the trustees of the creditors and stockholders of the sold out company, an amount equal to the principal and interest of plaintiff's judgment sued on in this suit. There was a verdict for plaintiff, and judgment that plaintiff recover of appellant and the trustees, in their capacity as such, $10,976.45 — the amount of judgment and interest; that said judgment was a lien on one-half of the described property in plaintiff's pleadings, that an order of sale issue to sell the same, and that execution issue against appellant for any unpaid balance.

Appellant filed a motion for a new trial:

1. Because the court erred in overruling the demurrer of defendant.

2. Because verdict and judgment are contrary to the law and the evidence.

This motion was overruled by the court.

The errors assigned were as follows:

1. Because the court erred in overruling the demurrer of defendant.

2. The verdict and judgment are contrary to the law and the evidence; because both upon the petition and the evidence it appears that the plaintiff has no cause of action against defendant, and the court should have dismissed the same at plaintiff's cost.

3. The court erred in overruling defendant's motion for a new trial.

*E. P. Hill* for appellant.

I. Upon the sale of the property and franchises of the Buffalo Bayou, Brazos & Colorado Railroad Company, under executions and deed of trust, the assets of said sold out company passed by virtue of the statute in such cases made and provided to trustees of creditors and stockholders of said sold out company, " with full power to settle the affairs of the sold out company, collect and pay the outstanding debts, and divide among the stockholders the assets remaining after payment of the debts and expenses." Any lien acquired upon such assets before the dissolution of the corporation by the sales remained good, of course, against the property in the hands of the trustees; but as to general creditors, the trust estate is to be administered for the equal benefit of all, and no one of such creditors could acquire a lien or preference over another, upon the trust estate, by suing and obtaining a judgment against the trustees in their capacity as such. This is an elementary principle applicable to trust estates. Again, the statute concerning judgment liens in force at the date of plaintiff's judgment (Pasch. Dig., art. 7005), provided that judgments should be " a lien on all the real estate of the judgment debtor," etc.; and the trustees against whom, in their capacity as such, the judgment was rendered, had no interest in the land, but the interest therein was in the *cestui que trusts*, the creditors and stockholders of the sold out company.

II. It is equally clear that the appellee cannot maintain the

suit against appellant, claiming a personal judgment, or to subject indebtedness of appellant to the said trustees to the satisfaction of her debt, because the appellant is under no obligation, arising either out of duty or contract, to appellee, and there is therefore no *privity* between them.  The liability of appellant is to the trustees, in whom the power and authority is vested to settle the affairs of the sold out company, collect and pay the outstanding debts, etc., for the benefit of their *cestui que trusts*, the creditors and stockholders of said sold out company, of whom appellee is one.  To allow such creditors to sue the debtors and appropriate the assets would consume the trust estate in costs, embarrass and confuse its administration, and defeat the object and purposes of the statute to secure a fair distribution of the assets among all the creditors, and the balance, if any, among the stockholders.

*John T. Brady* for appellee.

I. When a judgment debtor has no property subject to levy and sale under execution, but has property in the hands of a third party, the judgment creditor can by suit subject such property to the payment of the judgment.  The allegations contained in plaintiff's pleading fully come within this rule, and therefore show a good cause of action.  If there is any merit in the objections used by appellee, they certainly could not be considered on general demurrer.  The question as to whether the judgment sued on was a lien on the land, as well as the other question (if it can be so regarded) contained in appellant's second proposition, should have been made by special exception; otherwise are considered waived.  See Supreme Court Rules, pp. 24, 25 and 26; Pearson *v.* Flanagan, 52 Tex., 266.

II. The trustees of a sold out railway company, under art. 4264 of the code, are but a continuation of the corporation for the purpose of managing and settling the affairs of the old company for its creditors and stockholders.  The trustees are authorized to sue and be sued, and the remedies of creditors

33

are in no way changed. Judgment can be obtained and property in their hands can be levied on and sold under execution. This suit subjects property in the hands of third parties to the payment of a judgment, which is only a process of equitable execution. Good *v.* Sherman, 37 Tex., 660; Freeman on Executions, secs. 424, 425, p. 704; Herman on Executions, sec. 138, p. 185.

III. As the judgment rendered in this case subjects to its payment only property belonging to the trustees of the sold out company, no one but the trustees, creditors or stockholders has a right to complain. The defense in the court below does not show that there is any other creditor, nor do the trustees complain of this judgment. The judgment itself expressly protects defendant from any future liability for whatever it pays out in satisfaction of this judgment in favor of plaintiffs. All parties who can be affected are before the court, and defendant cannot be again sued for the amount required by this judgment to be paid to plaintiffs; but whatever it pays out goes as a credit on its, defendant's, indebtedness to the sold out company.

IV. The statute of 1866, Pasch. Dig., art. 7005, declaring that judgments shall be a lien on real estate of the judgment debtor, means that it shall be a lien on any interest which the judgment debtor has in the land; and it makes no difference whether such interest is represented by an equitable or legal title. Certainly the trustees had an equitable interest in this land, and under our system of jurisprudence an equitable title is the substance of the right; the legal title but the shadow.

V. It is not necessary to support the judgment in this case that there should be any lien by virtue of the act of 1866, Pasch. Dig., art. 7005, before referred to, because the institution of the suit for the purpose of subjecting the land described therein to the payment of plaintiff's judgment created a lien in equity on said land. See Freeman on Ex., sec. 434.

VI. If, however, it should be found that there is no lien on this land to authorize its sale to satisfy this judgment, then and

in that case appellee prays that you reform the judgment as to the lien, and order execution against the appellant direct, as provided in art. 1048 of the code.

BONNER, ASSOCIATE JUSTICE. — This appeal is prosecuted by the Galveston, Harrisburg & San Antonio Railway Company only. The other defendants below, the trustees of the sold out Buffalo Bayou, Brazos & Colorado Railroad Company, do not complain of the judgment below; and it does not appear that there are any other creditors of this last named company whose rights can be affected, than Mrs. Louisa McDonald, the appellee.

The case as thus presented does not demand that we pass upon a question raised in the briefs of counsel, that the interest of the sold out company in the lands sought to be subjected to the judgment lien of Mrs. McDonald, being held in trust for the benefit of the creditors and stockholders generally of the sold out company, is not subject to such lien.

It will not be questioned but that the rights of Mrs. McDonald have priority over those of the stockholders. Good v. Sherman, 37 Tex., 660.

The ground upon which the reversal of the judgment below is sought, arises upon the overruling of the general demurrer of appellant, the defendant company, to the petition of Mrs. McDonald; and as stated by counsel for appellant, presents but this simple question: Was any cause of action shown against the company?

This question will be considered in two aspects: *first*, the right of Mrs. McDonald to recover a monied judgment against the defendant company; *second*, her right to join this company with the trustees of the sold out company in a proceeding to subject the lands to sale for the payment of her judgment against these trustees.

I. Equity will, in a proper case, aid a judgment creditor, when he cannot otherwise obtain satisfaction of his debt by the ordinary legal remedies. Freeman on Executions, §§ 424–5.

As a general rule, where a third party is indebted to the judgment debtor, or has in his possession property or effects of the debtor, the law affords an adequate remedy by garnishment.

The statutory remedy by garnishment, however, is a legal one, and ordinarily contemplates only such rights, credits and effects as are of a legal nature, and which are not incumbered with the embarrassments thrown around trust estates; and when they are thus involved, as in this case, a proceeding in equity would be the more appropriate remedy.    Lackland *v.* Garesche, 56 Mo., 267; Thomas *v.* Hopper, 5 Ala., 442.

There was no direct privity of contract between Mrs. McDonald and the defendant company, and she could not, in a court strictly of common law jurisdiction, have recovered judgment in suit against the company alone.

The proceeding in this case is substantially an appeal to the equity power of the court to aid her to subject the assets of the sold out company, represented by the trustees, in the hands of the defendant company, to the payment and satisfaction of her original judgment.

Both the trustees of the sold out company and the defendant company were made parties.  The record does not disclose that there are other creditors of the sold out company, or but that all the necessary parties were before the court.    As said on this subject in Hendricks *v.* Robinson, 2 Johns. Ch., 297: "The bill here was not only silent, but there was no plea or answer in the original suit setting up any other subsisting judgment."    To the same effect is Good *v.* Sherman, 37 Tex., 660.

On the trial, the defendant company admitted that it was indebted to the trustees of the sold out company, for the benefit of its creditors, an amount sufficient to pay Mrs. McDonald; and the rights of the defendant company were protected by the decree itself, in which it is adjudged that any amount paid by it should be a credit upon this indebtedness.

These trustees, whom it is proper to presume are desirous

to discharge their duties as such, do not complain at the judgment; no creditor complains, and it is not believed, under the facts as presented by the record, that the defendant company has any legal ground to complain of this monied judgment against it.

II. As to the right of Mrs. McDonald to join the defendant company with the trustees of the sold out company, in a proceeding to subject the land to the payment of her judgment.

As before stated, it does not become necessary, as between the parties to this appeal, to determine whether Mrs. McDonald had, or could have, a judgment lien on this land, as this part of the judgment is not properly before us for revision.

It is a sufficient answer to any alleged error therein, urged by appellant, to say that as presented it does not appear that the rights of appellant are in any way affected.

Mrs. McDonald's original judgment in terms simply adjudged in her favor the amount of the indebtedness, without ordering execution to issue, upon the ground, we presume, that in the opinion of the learned judge presiding, payment could only be made in the regular administration by the trustees of the trust estate.

Execution seems, however, to have been issued and returned *nulla bona.*

Years pass away. The debt is not paid, and it does not appear that the trustees have instituted any proceedings or used any diligence to discharge the trust.

As thus presented, we are of opinion that this suit could be maintained as one in the nature of a bill in equity to compel the trustees to proceed by subjecting the trust property to the payment of Mrs. McDonald's judgment, the same being trust indebtedness, and to which the defendant company, being in the possession of the land and having the legal title thereto, would be a necessary party. Freeman on Ex., §§ 424–5; Edgell *v.* Haywood, 3 Atkyn, 357; Edmonson *v.* Lyde, 1 Paige, 637; Adm'r of Bigelow *v.* Cong. Society, 11 Vt., 286; Haden *v.* Spader, 20 Johns., 554; Hendricks *v.* Robinson, 2 Johns. Ch.,

283; Hopkins v. Carey, 23 Miss., 59; Beck v. Burdett, 1 Paige, 308.

There is another ground upon which the jurisdiction of a court of equity could be sustained,— that of removing impediments to the sale of the property at a fair valuation. Freeman on Ex., § 424; Dargan v. Waring, 11 Ala., 993; Holt v. Bancroft, 30 Ala., 205.

The legal title to the lands was in the defendant company, and the equitable title to the half in the trustees had been so incumbered with trusts for the benefit of creditors generally and stockholders of the sold out company, that the sale for the benefit of Mrs. McDonald only, unless made under order of court, might not have brought the full value of the lands.

AFFIRMED.

[Opinion delivered June 22, 1880.]