[Opinion delivered March 20, 1882.]

GALVESTON, HARRISBURG & SAN ANTONIO R. R. Co. v. EMELINE L. BUTLER.

(Case No. 1336.)

1. SUIT AGAINST TRUSTEES — LAPSE OF TIME — PARTIES — ANSWER. — The plaintiff holding an unsatisfied judgment against the trustees of the B. B. & C. sold-out railroad company, brought suit against the trustees and against the G., H. & S. A. R'y Co., which was indebted in a large amount to the former, alleging that this indebtedness constituted the only assets available for the satisfaction of her claim, asking judgment against the G., H. & S. A. R. R. Co. Twelve years had passed since the B. B. & C. company was sold out. The trustees made no answer. The G., H. & S. A. company answered by a general demurrer and denial, and alleging in general terms that the debts of the sold-out company exceeded largely its assets. *Held,*

(1) That from the lapse of time the presumption was that all the debts had been satisfied.

(2) That from the silence of the trustees and the indefinite answer of the G., H. & S. A. company, the presumption was either that the debts had been satisfied, or that the assets were amply sufficient to pay all.

(3) That such being the presumption, the suit by a single creditor to enforce payment of his judgment out of the trust fund was maintainable without attempting to make parties of other possible creditors.

(4) That the answer set up no defense.

(5) That the G., H. & S. A. Co. was protected, the trustees being parties to the suit.

2. APPROVED. — G., H. & S. A. R'y Co. *v.* McDonald, 53 Tex., 510, approved and followed.

APPEAL from Harris. Tried below before the Hon. James Masterson.

The Buffalo Bayou, Brazos & Colorado Railway Company being indebted to George Butler, the husband of appellee, prior to the 11th of June, 1868, the said Butler recovered a judgment against said company on the 18th of June, 1868. Seven days previous — on the 11th of June, 1868 — the company executed an assignment of their railway, etc., to E. P. Hill, trustee, as a preliminary step and as one of the means of accomplishing a full and complete sale and transfer of said railway, etc., to a new company then contemplated and provided for in said assignment. The consideration for which was the payment of the debts of the old company and the annual payment of $4,000 until such annual payment should cease by the payment of $200,000 in bonds of the new company or in money, etc.

The new company was organized under the name of the old company, and by act of the legislature the name of the company was changed to " The Galveston, Harrisburg & San Antonio Railway Company."

As contemplated in the assignment, the new company purchased at sheriff's and trustees' sales said railway, and on or about the 1st of May, 1874, received and accepted from said Hill a full and complete transfer of said railway, etc., as was vested in said Hill by said assignment.

Afterwards George Butler transferred said judgment to his wife, the said Emiline L. Butler, as her own separate property.

Afterwards said Emiline, joined by her husband, in an action of debt on said judgment against James Sorley and others, surviving directors and trustees of said old company, recovered judgment against them on the 6th day of February, 1880. Executions issued on said judgment and were returned "no property." Afterwards, on the 12th of April, 1880, this suit was filed against the surviving

trustees and the new company, to subject the indebtedness of said new company to said trustees to the payment of said judgment. The trustees failing to answer, judgment was rendered against them by default.

The new company filed a demurrer, and pleaded the statute of limitations against the $4,000 annual rental of the Columbus Tap, etc., and also pleaded that the debts due and owing to the creditors of the old company, of the same class and standing in law as plaintiff's claim, far exceeded its assets, and that plaintiff was not in any event entitled to have more than a *pro rata* of such assets upon the distribution thereof among the creditors, which last plea, on exception, was stricken out and the demurrer overruled and judgment rendered for plaintiffs, providing protection for the new company against future liability *pro tanto*.

From that judgment the new company prosecuted this appeal.

*E. P. Hill*, for appellant.

I. The court erred in overruling the demurrer of defendant to the petition of plaintiff.

1. So long as the trustees do not refuse to discharge the trusts reposed in them, so long as there is no violation of duty or conduct on their part prejudicial or inimical to the rights of the *cestui que trust,* the latter cannot institute or prosecute any proceedings which it is the right and duty of the trustees under the statute to institute and prosecute, and can exercise no control over them in the discharge of their duties. 11 Wall., 177; Field on Corporations, sec. 406, and cases cited in note 2, p. 432.

II. The court erred in sustaining the exceptions of plaintiff to the answer of defendant.

1. The effect of the statute (R. S., art. 4264) is to make the assets of the sold-old corporation, which is utterly extinguished, a trust fund to be administered by the trustees

appointed by the statute (unless other persons shall be appointed by the court or legislature). It follows that such fund is to be administered for the common benefit of all the *cestui que trusts*, and no one of them has a right to payment in full of his debt, when the fund is insufficient to pay all the debts in full. There must be a *pro rata* distribution in such case. Pollard *v.* Bailey, 20 Wall., 527; Terry *v.* Tubman, 2 Otto, 161; Terry *v.* Little, 11 Otto, 216.

It must be supposed that the legislature had a purpose in view in enacting the law (art. 4264, R. S.), and the court will give effect to that purpose. The effect and intention of the law is plainly to create an express trust for the benefit of creditors. In other words, the effect of the act is to assign the assets of a sold-out railroad corporation to trustees for the benefit of creditors. Bliss on Code Pl., sec. 81, note 4, last sentence; Hallett *v.* Hallett, 2 Paige, 18; Egbert *v.* Woods, 3 Paige, 520; 1 Daniel's Ch. Pl. & Prac., p. 285, note 2; pp. 287–9; p. 293, note 2; Perry on Trusts, secs. 594, 602; 2 Story's Eq., sec. 1037; Story's Eq. Pl., sec. 157; R. R. Co. *v.* Le Gierse, 51 Tex., 189; Thomas *v.* Walsh, 44 Tex., 160; Caton *v.* Jones, 21 Tex., 788. If the theory of plaintiff's counsel be correct, then the demurrer should have been sustained, because the remedy simply of a writ of garnishment should have been pursued.

*John T. Brady* and *Jas. G. Walker*, for appellee.

Gould, Chief Justice.— In its leading features and in the questions involved this case does not materially differ from the case of the same company against McDonald, 53 Tex., 510. In that case the judgment was affirmed, and in this case, after a very careful reconsideration of the questions presented, our conclusion is the same,— that this judgment also should be affirmed. It is deemed

proper, however, to state our views sufficiently to prevent any possible mistake or misconception as to the grounds on which our conclusion is reached. In the first place, we do not regard this as a bill in equity by one creditor to enforce his right to payment out of a trust fund created for the common benefit of himself and other creditors, wherein he seeks to proceed regardless of the rights of . other creditors, and to appropriate to himself a fund insufficient to meet the demands of all entitled to it.

The authorities are clear that a creditor seeking to enforce the trusts under an assignment cannot sue alone, but must either make the other creditors parties, or must bring his suit in behalf of himself and all the other creditors who may choose to come in and take the benefits of the decree. Story's Eq. Pl., secs. 8, 157 and 219a; Perry on Trusts, sec. 594; 1 Dan. Ch. Pr., 1st Am. ed., p. 285; Bispham's Eq., 469, 470; Pomeroy on Remedies, sec. 358. Where there is an insufficient trust fund, it would be clearly inequitable to aid one of the beneficiaries, having no rights superior to the others, to appropriate more than his *pro rata* share of the fund, and that too without giving the other beneficiaries an opportunity to contest his proceeding. If the petition of Mrs. Butler stated such a case, or if in the progress of the case it appeared that such was the character of the case, the plainest principles of equity would be violated by granting the aid of the court to the consummation of such a wrong.

The authorities relied on by the appellees to show that other creditors were not necessary parties will be found insufficient to support this case, if indeed it had been one of the character just described. McDermutt *v.* Strong was a case in which a creditor had acquired a lien superior to that of any other creditor, and his right to legal priority in consequence of that lien was allowed. His appeal to equity was not based on his rights under

a trust, but on rights superior thereto. 4 Johns. Ch., 691. The same is true of the case of Edmeston v. Lyde, 1 Paige's Ch., 636. That case was distinguished by Chancellor Walworth, in the subsequent case of Wakeman v. Grover, from one in which "complainants were seeking to carry into effect the assignment, and to obtain their share of the assigned property," where he says, "it would undoubtedly have been necessary, either that they should have made all the creditors parties, or they should have filed their bills in behalf of themselves and all others who might choose to come in under the decree." 4 Paige's Ch., 33. In Pomeroy on Remedies it is said: "There is a broad distinction between the case of an action brought in opposition to the trust, to set aside the deed or other instrument by which it was created and to procure it to be declared a nullity, and that of an action brought in furtherance of the trust, to enforce its provisions, to establish it as valid, and to procure it to be wound up and settled. In the first case the suit may be maintained without the presence of the beneficiaries, since the trustees represent them all and defend for them. In the second, all the beneficiaries must be joined, if not as plaintiffs, then as defendants, so that the whole matter may be adjusted in one proceeding and a multiplicity of suits avoided. The reason of this distinction is obvious. It is that any one person interested in opposition to the trust has a right to test the validity thereof, and his voluntary action cannot be controlled by the will of others, while the trustees themselves are sufficient to represent and defend all the interests of those who claim under the trust. But when the trust is assented to and the purpose is simply to carry out its provisions, all the beneficiaries are alike interested in that object and in reaching that same result, and it is just to the trustee that the controversy should be ended in one proceeding." See also Hallett v. Hallett, 2 Paige's Ch., 15; Egberts v. Wood, 3 Paige's Ch., 520; R. R. Co. v. Orr, 18 Wall.,

473; Kerrison v. Stewart, 93 U. S., 160; Campbell v. R. R. Co., 1 Woods, 368; Galv. R. R. v. Cowdrey, 11 Wall., 478–9.

But in the present case we think under the averments of the petition, taken in connection with the acquiescence of the trustees in the judgment, taken also in connection with the indefinite allegations of the assignee as to other creditors, it is to be presumed that the claims of all other creditors have been paid or that the fund is ample for the full satisfaction of any which may remain.

More than the longest period of limitation known to our laws had elapsed since the old company had been sold out and their unsold assets passed into the charge of the trustees.    There is certainly good reason to presume that in the course of twelve years the claims of creditors have been in some way adjusted.    Mumford v. Murray, 5 Johns. Ch., is authority for refusing to compel the plaintiffs to bring in the other beneficiaries of the trust, where the presumption was that their demands were stale. The suit was by parties claiming under an assignment to enforce their rights under it, and it appeared by their bill that there were other creditors for whose benefit the assignment was also made.    After saying that the presumption, after a silence of twenty years, is that the claims of those creditors have been abandoned, Chancellor Kerr says: "We cannot in sound discretion suspend this cause merely to compel the plaintiff to bring in parties resting on such stale demands and with such presumptions against them."    Page 11.

In regard to this identical trust fund, this court, after the lapse of four years, refused to presume that there were other creditors entitled to protection, and allowed a judgment creditor to proceed to levy on the fund in the hands of these trustees.    Good v. Sherman, 37 Tex., 660. The trustees were before the court, and if there were other creditors whose interests were liable to be injuriously affected by the decree, it was their duty to protect

the trust fund, and they should have answered making the facts known to the court. Their acquiescence must be taken as their admission either that there were no other creditors remaining, or that the trust fund — the indebtedness of the appellant to them — was ample to pay all the creditors in full. If they had answered admitting the sufficiency of the assets, and the court had been satisfied that the presumption was that all other creditors were paid or were content, then there was no good reason why the court should not give its aid to ascertain the liability of the appellant to the trustees, and to enforce payment of plaintiff's claim out of that fund. Says Chancellor Walworth, speaking of a suit by legatees: "I understand the rule in that case to be, if the executor admits a sufficiency of assets, there is to be a decree for the payment of the particular debt or legacy, without any general decree for account." Hallett v. Hallett, 2 Paige Ch., 21.

To this explanation of the grounds on which we proceed in affirming the judgment, we will only add that we do not regard the special answer of the railroad company as presenting any valid defense, whether regarded as a plea in abatement or a plea to the merits. The trustees being before the court and acquiescing in the judgment, appellants are protected as fully as if the recovery had been in the name of the trustees. Regarded in this light, it is not perceived that appellant has any interest in the distribution of the money recovered, or can complain that it has been in any way injured by the action of the court.

Being satisfied that the justice of the case has been reached, and that the court committed no error to the prejudice of the appellant, it is ordered that the judgment be affirmed.

AFFIRMED.