The G., H. & S. A. R. R. Co. v. Columbia Hume et al.

(Case No. 1582.)

1. Garnishment — Action.— Though, as a general rule, when a third person is indebted to the judgment debtor, or has in his possession property or effects of such debtor, the law affords an adequate remedy by garnishment, yet that remedy has especial application to legal rights. When the right to recover is embarrassed by questions growing out of trusts, fraudulent conspiracy, and the like, a proceeding in equity affords a more appropriate remedy.
2. Same.— The G., H. & S. A. R'y Co. v. McDonald, 53 Tex., 510; Gal., H. & S. A. R'y Co. v. Butler, 56 Tex., 505, and Thomas v. Hooper, 5 Ala., 442, cited and followed.

Appeal from Harris. Tried below before the Hon. James Masterson.

The character of the suit will be indicated by reference to G., H. & S. A. R'y Co. v. McDonald, 53 Tex., 510, with the additional grounds for seeking equitable relief mentioned in the opinion in this case.

*E. P. Hill*, for appellant, cited Taylor v. Gillean, 23 Tex., 517.

*Brady & Ring*, for appellees.

West, Associate Justice.— There is but one error assigned. This brings in review the correctness of the action of the court in refusing to sustain appellant's special exception to the pleadings of the appellees.

The exception was, in substance, that the appellees had no right to maintain the present action, because they have a complete remedy by the statutory writ of garnishment. In G., H. & S. A. R. R. Co. v. McDonald, 53 Tex., 510, this precise question was brought to the attention of the court under a state of facts not materially different from this case.

The court in disposing of that question said: "As a general rule, where a third party is indebted to the judgment debtor, or has in his possession property or effects of the debtor, the law affords an adequate remedy by garnishment. The statutory remedy by garnishment, however, is a legal one, and ordinarily contemplates only such rights, credits and effects as are of a legal nature and which are not incumbered with the embarrassments thrown around trust estates; and when they are thus involved, as in this case, a proceeding in equity would be the more appropriate remedy. Tockland v. Garesche, 56 Mo., 267; Thomas v. Hooper, 5 Ala., 442."

Again, in Gal., H. & San A. R. R. Co. *v.* Butler, 56 Tex., 506, the same point was presented specially to the consideration of this court by appellant.

In the brief of appellant's counsel in that case, it was again contended that the appellees could, and should, have pursued their remedy at law by simply obtaining a writ of garnishment.

All the questions, including the one as to the writ of garnishment, were again for a second time then considered by the court, and again a conclusion was reached adverse to the views of the appellant on this subject.

In the case now under consideration, no additional authorities have been presented, nor has anything been advanced that gives any additional strength to the position on this question heretofore assumed by appellant.

On the other hand, in the present case, in addition to the several grounds before set forth in the former cases, upon which the equitable powers of the court were invoked in behalf of appellees, additional grounds for equitable interposition were set forth. A fraudulent conspiracy between the appellant and the trustees of appellant's predecessor, prejudicial to appellees' right, is well enough set out; certainly so in the absence of special exceptions bringing in question in detail their sufficiency. Fraudulent concealment of the true condition of affairs between the trustees and appellant is also set forth, and discovery is sought, and special relief in this behalf is prayed for.

The effect of the single special exception of appellant was to admit all the material allegations contained in the appellees' pleadings that were pleaded with reasonable certainty, save the one point as to the remedy which was pointed out in the exception. The whole question in the case was thus narrowed down to this: whether or not, under the state of facts admitted by appellant to exist as set forth by appellees, a resort to the ordinary statutory writ of garnishment would have afforded a complete and ample remedy to the appellees.

This court, in its former adjudications, above referred to, in cases not presenting quite as strong grounds as this does for the interposition of a court of chancery, has decided this question in the negative.

We see no reason, under the facts of the case, to question the correctness of these decisions. Therefore the judgment in this case is affirmed.

                                                              AFFIRMED.

[Opinion delivered February 2, 1883.]