### S. SCHWARTZBERG V. FREIDMAN BROS. ET AL.

#### No. 1004.

**Garnishment—Fraud as Rendering Garnishee Liable.**

S., holding a note of C. given to him for a bona fide debt, sold and transferred the note by endorsement to a bank, and afterwards assisted C. in preparing and carrying through a chattel mortgage fraudulent as to the general creditors of C., because of preferences and fictitious debts therein. Out of the proceeds of the chattel mortgage the note to the bank was paid, and the liability of S. as endorser was thereby released. Held, that the participation of S. in the fraud did not render him liable as garnishee, at the instance of the creditors of C., since he neither received through the transaction any property of the debtor nor any of the proceeds thereof.

APPEAL from Grayson. Tried below before Hon. DON A. BLISS.

*A. G. Moseley,* for appellant.—The court erred in rendering judgment in favor of plaintiffs against this garnishee, because it appears from the findings of fact filed herein, that at the time of the service of the writ of garnishment herein, said Schwartzberg, being garnishee, was not indebted to the defendant Cohen, and had no effects of defendant Cohen in his hands. Appellant was proceeded against as garnishee, and in no other capacity, and no relief should have been granted inappropriate to that remedy. Price v. Brady, 21 Texas, 614; Johnson v. Brant, 38 Kan., 754; Cook v. Wathall, 20 Ala., 334; Toomer v. Randolph, 60 Ala., 356; Hassie v. G. I. W. V. Co., 35 Cal., 378; Harris v. Phoenix Ins. Co.. 35 Conn., 310; Smith v. Davis, 1 Wis., 447 (60 Am. Dec., 390).

*Standifer & Eppstein,* for appellees.—1. Even a bona fide creditor, who is the grantee or beneficiary under an instrument, having knowl-

edge of or who has assisted in the perpetration of a fraud through such instrument, cannot retain (as against creditors of the grantor) property conveyed by such instrument, if same was made with the intent to hinder, delay and defraud such creditors. 27 Texas, 481; 31 Texas, 385; 61 Texas, 673; 71 Texas, 556; 72 Texas, 474; 81 Texas, 269.

2. Garnishment is the proper remedy as against the beneficiary of a fraudulent instrument who has received the benefit from such instrument. Morris v. House, 32 Texas, 492; Railway v. McDonald, 53 Texas, 516; Railway v. Butler, 56 Texas, 509; Railway v. Head, 59 Texas, 47.

FINLEY, ASSOCIATE JUSTICE.—Appellees, having formerly obtained judgment against one S. J. Cohen, upon which, at the commencement of this proceeding, there was still due the sum of $338, sued out a writ of garnishment against appellant S. Schwartzberg, and caused same to be served upon him on April 22, 1893. At the succeeding term of the District Court, appellant answered in statutory form, denying that he was indebted to defendant S. J. Cohen. Appellees filed controverting and amended controverting affidavits, in which they alleged that defendant S. J. Cohen, on December 10, 1892, being then a merchant at Denison, Texas, executed a chattel mortgage on his stock of merchandise to one Sam Harris, as trustee, to secure certain indebtedness therein named, amounting in number to twenty preferences, and among others, the following:

| | |
|---|---|
| S. Schwartzberg (appellant) | $350 |
| Sam Harris | 550 |
| Harry Schwartzberg | 750 |
| E. Simpson | 300 |

That said preferences were fictitious, and that Harris took charge of the stock and sold it out and paid the aforesaid sums of money to the parties named.

Appellant filed his supplementary answer, alleging that defendant Cohen was truly indebted to him on October 22, 1892, and executed and delivered to him his (Cohen's) negotiable promissory note for the sum of $350, which was unpaid at the date of the execution of the chattel mortgage aforesaid, and was the identical debt secured therein. On March 23, 1894, the cause was tried by the court without a jury, and resulted in judgment against Schwartzberg, garnishee (appellant), for the sum of $350, interest and costs. Appellant moved for a new trial, which was refused, and he took this appeal.

No statement of facts was filed, but the court prepared and filed his findings of fact and conclusions of law, as follows:

"I find as a matter of fact, as follows: 1. That on December 10, 1892, S. J. Cohen, a merchant in Denison, Texas, was insolvent, and had been for a month or so prior thereto.

"2. That at said time he was indebted in a considerable amount to various parties, among them plaintiff in this cause in the sum of $728.

"3.   That on said day he executed and delivered to one Sam Harris, a liquor dealer in Sherman, Texas, a chattel mortgage wherein he conveyed to said Harris his entire stock of goods, wares and merchandise for the purpose of securing various ostensible debts of said Cohen, some real and some fictitious, among these a debt to the defendant Schwartzberg, amounting to $350.

"4.   That the said debt to Schwartzberg was a real, bona fide debt, but that an ostensible debt of $300, stated in said instrument as due from the said Cohen to one E. S. Simpson, was wholly fictitious; that $100 of one stated in said instrument as due from said Cohen to Sam Harris, of $550, was fictitious, and that a third debt of $750, as stated in said instrument, due from the said Cohen to one Harry Schwartzberg, was fictitious, except about $192 thereof.

"5.   That said Sam Harris, at the time of the execution and delivery of said chattel mortgage, was betrothed to the garnishee Schwartzberg's daughter, and has since married her, and that the said Harry Schwartzberg is the son of said garnishee Schwartzberg.

"6.   That said garnishee for some time prior to the execution and delivery of said chattel mortgage, had been working for the said Cohen, was familiar with his business, knew to whom he was justly indebted and the real amount of each debt, and further knew that he was insolvent for some time before the execution of said instrument.

"7.   That the said Cohen had executed and delivered to the said garnishee a negotiable promissory note, dated October 22, 1892, for said debt of $350, due from said Cohen to said garnishee, which said note had been by said garnishee discounted, endorsed and sold to the State National Bank of Denison before the execution of said instrument, but that said garnishee was still liable thereon as endorser at the time of the execution of said instrument.

"8.   That the said instrument was executed and delivered by the said Cohen with the intent to hinder, delay and defraud his creditors, which intent was known to the said Harris and the said garnishee at the time of the execution and delivery of said instrument.

"9.   That the said garnishee advised and encouraged the said Cohen to execute said instrument, and suggested to the said Cohen that the said fictitious debts should be stated in said instrument for the purpose of saving out of his assets something for himself.

"10.   That the said garnishee, with full knowledge of all the facts and of the intent of said Cohen, acted as his agent in consulting with an attorney in drawing up said instrument; and directed said attorney what debts, real and fictitious, should be stated in said instrument; in fact, that said garnishee 'engineered' the entire transaction for the said Cohen; that the said garnishee was engaged in fixing up said transactions at least one month before the execution of said chattel mortgage.

"11.   That while said debt of $350 was stated in said instrument as due from said Cohen to said garnishee, the amount thereof was paid by

the said Harris to the said bank before the institution of this garnishment suit.

"12. That the said Harris paid to the said Cohen, after he had sold out the stock of merchandise, the sum of $350 as a portion of the fictitious debt secured by said instrument.

"13. That the said Cohen is still indebted to plaintiffs herein in the amount of $338."

"I conclude as a matter of law, as follows: 1. That said instrument was fraudulent and void as to plaintiffs in so far as the same attempted to secure said fictitious debt.

"2. That the garnishee having actually participated and aided the said Cohen in perpetrating the fraud, the said instrument is fraudulent and void as to the garnishee and the debt attempted to be secured in his favor."

To the foregoing conclusions of law appellant excepted, for the following reasons: "1. It appearing from the findings of fact that the amount for which appellant Schwartzberg, garnishee, was preferred in the chattel mortgage was a bona fide debt, evidenced by promissory note which, before the time of the execution of the chattel mortgage, had been endorsed for value to the State National Bank, and to which the money arising from such preference was actually paid by the trustee Harris, and that, too, before the service of the writ of garnishment, appellant receiving no benefit from the proceeds of the goods covered by the chattel mortgage except discharge from liability as endorser on said note, the judgment should be for appellant.

"2. It appearing from the findings that appellant actually received payment of the debt due to Cohen before the execution of the deed of trust—at the time he received the note and sold it to the bank—his subsequent fraudulent conduct could not affect an honest transaction previously executed."

It is urged by appellant that the facts found by the court to have been established upon the trial do not justify the legal conclusions and judgment based thereon. It is contended that he was not in debt to Cohen, and had no effects of Cohen in his possession which would render him liable in garnishment for the debt of Cohen. The proposition is, that the court having found that the $350 debt secured by the mortgage as due appellant was bona fide; that a note had been executed therefor to appellant by Cohen prior to the making of the mortgage; that appellant had negotiated and sold the said note, discounting and endorsing the same to the State National Bank prior to the giving of the mortgage, and that the money was paid by the trustee Harris upon the note to the bank, his participation in the fraud of Cohen did not render him liable in garnishment to Cohen's creditors.

On the other hand, appellees contend that, as the fraudulent mortgage secured the debt as due appellant, and as appellant was liable as endorser on the note when it was satisfied in the hands of the bank through payment by the trustee, appellant should be treated as having

received $350 under the fraudulent transaction, and held liable therefor in this proceeding.

It is not questioned that garnishment is an appropriate remedy to reach money received or effects held under a fraudulent transfer. Morris v. House, 32 Texas, 492; Railway v. McDonald, 53 Texas, 516; Railway v. Butler, 56 Texas, 509; Railway v. Hume, 59 Texas, 47. The question is, did the appellant receive such benefits under the fraudulent instrument as to render him liable to the creditors of Cohen in the garnishment proceedings?

Our statutory provisions bearing upon the subject are as follows: "Art. 193. Should it appear from the answer of the garnishee that he is not indebted to the defendant, and was not so indebted when the writ of garnishment was served upon him, and that he has not in his possession any effects of the defendant, and had not when the writ was served, . . . . . the court shall enter judgment discharging the garnishee."

"Art. 205. Should it appear . . . . . that the garnishee is indebted to the defendant in any amount, . . . . . the court shall render judgment," etc.

"Art. 206. Should it appear . . . . . that the garnishee has in his possession . . . . . any effects of the defendant liable to execution, the court shall render a decree," etc.

The two conditions upon which our statutes authorize a judgment against the garnishee are, where he is found to be indebted to the defendant, or has effects of the defendant in his possession. Unless it can be determined that he is in debt to the defendant, or that he holds effects of the defendant, the statute does not authorize him to be held liable upon the debt of the defendant in a garnishment suit.

Do the facts in this case show either of the conditions to exist? There is no pretense that there was any contract debt due by appellant to Cohen. The fact that Cohen's funds were applied to the payment of a note originally given by Cohen to appellant for a bona fide debt, and which was held and owned by the bank at the time of payment, though endorsed by appellant, certainly can not be said to have so changed the relation of the parties as to make appellant the debtor of Cohen. Under the condition of indebtedness to defendant prescribed by the statute, clearly no judgment was authorized by the facts found by the court.

Do the facts show that appellant had any effects in his possession which was the property of the defendant? None of the goods covered by the mortgage, nor any of the proceeds from their sale were turned into the possession of appellant. Three hundred and fifty dollars of the proceeds were paid to the State National Bank in discharge of a note owned by the bank, and due by Cohen, upon which appellant, the original payee, was endorser. This payment had the double effect of discharging an honest debt due by Cohen to the bank—the bank was then creditor—and incidentally relieving appellant from further

liability as endorser.   Can it be said that this incidental benefit of relieving appellant from such liability as endorser, in legal effect, placed in his possession effects of the defendant, or made him the debtor of the defendant?   We think not.   In any proceeding where the validity of a mortgage is properly brought in question, the participation of the creditor in the fraud of the mortgagor renders the transfer fraudulent and void as to him, and generally excludes him from benefits under it.   While this is true, the fact that the mortgage is fraudulent, and that the appellant participated in the fraud, would not render him liable in garnishment unless he received through the transaction some of the property of the defendant, or its proceeds.   The discharge of a note out of such proceeds, owned by appellant prior to the making of the mortgage, and which he had previously sold and endorsed to another, did not bring him within the terms of the garnishment statute. While he was thereby relieved of liability as an endorser, he was not made debtor to defendant, nor were any effects of the defendant thereby placed in his possession.

The garnishment proceeding is purely statutory; the garnishee is not primarily liable for the debt, and the facts must bring him clearly within the conditions of liability fixed by the statute before judgment may legally be rendered against him.

We are not called upon in this case to discuss the question whether the facts disclosed by the record would render appellant liable in any other character of proceeding, and we will confine ourselves to the issue presented,—whether he is liable in garnishment.   We are of opinion that the facts showed that neither of the statutory conditions of liability existed, and therefore he should have been discharged by the judgment.

On account of the error in the legal conclusions of the trial court, the judgment is reversed, and is here rendered, discharging the garnishee.

Reversed and rendered.

*Reversed and rendered.*

Delivered January 18, 1896.