### JOHNSTON et al. v. STINSON et al.
### No. 6372.

Court of Civil Appeals of Texas. Texarkana.
Sept. 9, 1948.

Rehearing Denied Oct. 28, 1948.

Pat Beadle and Robert Gooding, both of Clarksville, for appellants.

L. L. Bowman, Jr., and Starnes & Hutchins, all of Greenville, and William M. Bates, of Dallas, for appellees.

WILLIAMS, Justice.

Sue Johnston, the common source of title, under her will probated in 1900, bequeathed to her children, Louis T. Johnston, Sr., Bessie Johnston who later married J. E. Ferguson, J. H. Johnston, Jr., and Sue Johnston, each an undivided one-fourth interest in a 1172 acre tract out of the M. H. Ragsdale H. R. Survey in Hunt County, but subject to a life estate she created in the will in favor of her husband, J. H. Johnston, Sr. Under deed executed by the son, Louis T., Sr., dated September 30, 1912, recorded in Vol. 202, page 342, Hunt County deed records, he purports to convey to his father in fee simple with general warranty of title, the above one-fourth interest so inherited. In 1917, J. H. Jr., also conveyed his one-fourth interest to his father. The record fee simple title to an undivided one-half interest in above tract thus stood in J. H. Johnston, Sr., at the time of his death in 1920, the other half being owned by his daughters.

Under the will of J. H. Johnston, Sr., dated in 1918 and admitted to probate in Lamar County in 1920, he bequeathed outright to his son J. H., Jr., an undivided one-fourth interest in above tract, and willed to the children of Louis T., Sr., the other one-fourth interest impressed with a spendthrift trust in favor of the latter, with T. M. Scott named in the will as trustee. Scott and J. H. Johnston, Jr., were named as independent executors without bond to carry out further provisions of the will. Scott, who was licensed to practice law, died in 1940. J. H. Johnston, Jr., is dead.

Such provisions of the will which relate to the trust and pertinent on this appeal, read (All italics in this opinion are this court's):

"Fifth: I give, devise, and bequeath to T. M. Scott an undivided one-fourth interest in and to said tract of land mentioned and described in the fourth clause of this will (the 1172 acre tract) as trustee for the use and benefit of my son Louis T. Johnston for the uses and trusts below set out *an estate for and during the life of said Louis T. Johnston, with remainder at his death to his children then living* (if any) in equal shares * * *." (Here follows a provision if in event no children or descendant, the property to vest in the brothers and sisters of Louis T. Johnston.)

"This devise and bequest of said estate *for the life of Louis T. Johnston to said T. M. Scott is made subject to the* express trusts, uses and conditions subsequent following, to-wit:

"First: (This relates to the payment of expenses including 5% to the trustee).

"Second: He shall annually * * * pay over to said Louis T. Johnston, all that remains of said rents and revenues arising from said premises after payment of the charges mentioned in first, for his maintenance and support, free from all claims for any debts now owing by him or that may hereafter be incurred by him, it being expressly provided that no part of any funds at any time in the hands of said trustee arising from the rents, and revenues and no interest in said premises shall ever be alienated, incumbered or in any manner disposed of by said Louis T. Johnston, prior to the payment of said funds, to him * * * and *in event he shall ever attempt to alienate,* incumber or in any manner dispose of said funds before their payment to him, and in event any creditor of his shall ever attempt to seize said funds or any interest in said land for any debt due or claimed to be due by him * * * *then the trust hereby created for his use and benefit shall at once cease and be terminated, and all interest in him in said premises be forfeited and all that part of the rents and revenues arising from said premises to which he would otherwise have*

*been entitled hereunder shall be paid to his children* (if any) then living, or the descendants of such of them as are then dead leaving descendants or to their legally qualified guardian in event any of them are minors."

The will then provides for the appointment of a substitute trustee to carry out the provisions of the trust in the event of the failure or refusal of Scott to accept and execute the trust, or in event of his death.

"Eighth: Said T. M. Scott as trustee as provided for in the fifth clause of this will *is hereby authorized to join with the remaindermen mentioned in said clause, then existing, and the other joint owners* of the tract of land therein mentioned, in making partition of said tract of land without invoking the aid of the courts, and to that end he is hereby authorized and empowered to execute a deed of conveyance * * * *and receive their deed of conveyance of all their interest to him and such remaindermen in that part allotted to him * * * taking, however, only the estate in such part as is hereby vested in him to said undivided one-fourth interest.*"

On January 28, 1921, after probate of above will, the children of J. H. Johnston, Sr., joined in by the independent executors and Scott the trustee, executed and exchanged deeds which purport to partition the 1172 acres into four parcels, one each to J. H. Johnston, Jr., Sue Johnston and Bessie Ferguson and the fourth parcel which described the 371 acres here sued for unto "T. M. Scott, in trust however for Louis T. Johnston, Sr., and subject to all the trusts, uses and conditions as provided in the will of J. H. Johnston, Sr., to which reference is made."

On April 1, 1921, Louis T. Johnston, Jr., then eight months of age, suing by and through his father Louis T. Johnston, Sr., as next friend, joined by all the parties named in the preceding paragraph, filed their joint application in the District Court of Lamar County, numbered 3293 on the docket of said court, wherein they alleged their joint ownership and prayed for partition and for commissioners to effect same. This petition specifically alleged that "T. M. Scott, executor and trustee for Louis

T. Johnston and Edna, his wife, and Louis T. Johnston, Jr., were the owners of one-fourth interest, the said Scott, trustee, holding said land in trust for the use and benefit of Louis T. Johnston, Sr., with remainder to his children, and that Louis T. Johnston has only one child, Louis T. Jr." The decree which confirmed the report of the commissioners, allotted the same 371 acres to Scott, trustee, in trust under the conditions last above set out.

Several years after the preceding partition decree had been entered, Louis T. Johnston, Sr., filed a suit in the District Court of Lamar County to cancel and hold for naught the deed he had made to his father in 1912, on the grounds of fraud. The judgment roll in that suit is not obtainable, having been lost by an attorney now deceased. The file docket and the trial docket reflect the suit was filed August 21, 1925, by Edgar Wright, an attorney; the action styled "Title"; that "J. H. Johnston, Jr., Bessie Ferguson and Sue Johnston filed waivers of service and answers disclaiming any interest"; and that "citation and copy issued, served upon T. M. Scott, trustee, and answer filed by him." Neither of the independent executors who were then living were parties to this suit. The effect of this judgment, the pivotal issue in the instant suit, provides as follows:

"Louis T. Johnson,
   Plaintiff
No. 100 98    v.      } December 9, 1925
Bessie E. Ferguson,
   et al., Defendants

"This day came the plaintiff in person and by attorney as came also the defendant, T. M. Scott, trustee under the will of J. H. Johnston, Sr., deceased, by attorney the defendants, Bessie Ferguson and her husband, J. E. Ferguson, Sue Johnston and J. H. Johnston, Jr., each appearing by their written disclaimers filed herein and the parties waiving a jury announced ready for trial and thereupon, all matters in controversy as well of fact as law were submitted to the court; and the court after hearing the pleadings read, the evidence and arguments of counsel, and being fully advised as to the law is of the opinion that

the plaintiff is entitled to the relief as prayed for and that the deed dated the 30" day of September, 1912, from plaintiff Louis T. Johnston (Sr.) to J. H. Johnston, Sr., recorded in Volume 202, page 342 of the deed records of Hunt County, Texas, and purporting to convey to said J. H. Johnston, Sr., absolutely a one-fourth interest in lands in Hunt County, Texas, described as follows: (Here follows description of the 1172 acres by metes and bounds.)

"Was executed and delivered without in fact any consideration having been paid or promised–and under an express trust and agreement between plaintiff and J. H. Johnston, Sr., that the said J. H. Johnston, Sr., would hold said land in trust for plaintiff Louis T. Johnston and would will the same at his death to said Louis T. Johnston and reinvest in said Louis T. Johnston the full title to the same; and it appearing to the court that on * * * the date of the death of J. H. Johnston, Sr., the said trust agreement was in full force and effect and the said J. H. Johnston, Sr., held said land in trust for plaintiff, Louis T. Johnston (Sr.) and that said Louis T. Johnston (Sr.) was at that date and at all times since then the beneficiary in said trust and the owner in fee simple of said land described in the deed, it is accordingly so ordered, adjudged and decreed by the court; and it further appearing to the court that J. H. Johnston, Sr., * * * did not will the property conveyed in said deed to Louis T. Johnston, (Sr.) and reinvest in him full title to same or carry out the terms and provisions of said trust; but attempted to make different disposition of said property contrary to said trust, it is ordered, adjudged and decreed by the court that the plaintiff, Louis T. Johnston (Sr.) have and recover judgment against each and all of the defendants for the land described in said deed and that the title to said land be vested in him in fee simple as of date 19th day of February, 1920, and the deed heretofore described * * * be and the same is hereby cancelled and held for naught; and it appearing that J. H. Johnston, Sr., in his will contrary to and in violation of the trust agreement above declared attempted

to create a *spurious* spendthrift trust on said property, the same being set out in following language of said will, to-wit:" (Here follows verbatim the fifth paragraph, the trust provision as contained in the will).

The spendthrift trust is decreed to be null and void and T. M. Scott, named as trustee, is forever enjoined from claiming or asserting any right in the land. The decree further recites that the defendants and said Scott acting under the provisions of the will as trustee had theretofore partitioned and set apart to each other the respective interests of each in said land; finds that the same constituted a fair partition of the property and was satisfactory to all parties; that Louis T. Johnston, Sr., is willing to accept the portion set apart to said trustee as his share; that no necessity for appointment of commissioners to partition the 1172 acres exists; and proceeds to allot and vest by field notes description to each of the four the respective tracts as theretofore had in the exchange of the partition deeds. The decree further reads:

"And it appearing to the court that the defendant T. M. Scott, trustee, acting under said will and the trust therein contained for plaintiff, Louis T. Johnston, accepted and caused to be recorded in the deed records of Hunt County, Texas, in Vol. 265, page 377, a deed from the other defendants herein to him as trustee for plaintiff, Louis T. Johnston (Sr.), to the land hereinabove set out to said Louis T. Johnston (Sr.) under an agreement for partition of said land heretofore had by said defendants said deed so executed, accepted and recorded as aforesaid is hereby cancelled and held for naught and the title therein vested or attempted to be vested in T. M. Scott as trustee for Louis T. Johnston (Sr.) is hereby vested out of the said T. M. Scott trustee and vested in the plaintiff Louis T. Johnston (sr.) as has been hereinbefore done, and it further appearing to the court that the defendant T. M. Scott, has rendered a satisfactory accounting to plaintiff of the revenues received by him from said lands while acting as trustee and paid to plaintiff all amounts due him, it is ordered

adjudged and decreed by the court that plaintiff take nothing as against the said T. M. Scott, but that he go hence without day and recover his costs."

Under a deed acknowledged January 24, 1924, and filed for record December 10, 1925, Louis T. Johnston, Sr., purports to convey to J. H. Johnston, Jr., his brother, for a recited "consideration of $2,500.00 then paid and other valuable considerations" the 371 acres, in fee simple, with general warranty of title. Subsequent to January 24, 1924, date of above deed, this suit No. 10098 by Louis T. Johnston was filed and prosecuted to judgment. Subsequent to the entry on December 9, 1925, of above judgment, Louis T. Johnston, Sr., executed a second deed to J. H. Johnston, Jr., bearing date of December 31, 1925, which purports to convey for the recited "consideration of · $2,500.00 as paid" the same 371 acre tract, and further described as "being tract No. 3 set apart to T. M. Scott, trustee for Louis T. Johnston in the partition entered in the Lamar County partition decree" (entered in 1921).

J. H. Johnston, Jr., and his wife on December 21, 1925, executed a deed of trust with general warranty of title, on the 371 acres to secure a loan of $16,500.00 then obtained from M. P. Crum Company, who later assigned the debt and lien to National Life Insurance Company. The latter in 1933 acquired title and possession as purchaser under foreclosure of its lien, and in 1941, sold and conveyed the tract to appellees, Stinson and wife, appellees possessing and paying taxes thereon since 1933.

In this trespass to try title action filed April 18, 1947, Virginia Johnston Lovett, joined by her husband, W. M. Lovett, Barbara Johnston, a minor, by next friend, and Louis T. Johnston, Jr., the children of Louis T. Johnston, Sr., seek to recover of J. F. Stinson and wife the title and possession of the 371 acre tract of land, and to recover from them and said insurance company, the predecessor in title, the reasonable rental value of the premises. In an alternate count plaintiffs sought a declaratory judgment to declare as forfeited the beneficial interest of their father in the alleged trust created by J. H. Johnston, Sr.,

their grandfather, and to have said trust in favor of them as remaindermen decreed to be in full force and effect and for the appointment of a substitute trustee to carry out the provisions of the trust.

A trial to the court in the instant cause resulted in a decree which denied plaintiffs a recovery and on the cross-action of Stinson and wife against plaintiffs and Louis T. Johnston, Sr., removed cloud on the title of Stinsons and quieted same in them. Louis T. Johnston, Sr., who filed merely a formal answer of denial is not a party to this appeal. He and his wife reside in Arkansas. Various points and counter points, together with conclusions of law and extensive findings of fact based on above detailed documentary evidence, deal with the issues whether or not the remaindermen (plaintiffs here), or some of them as a representative of such a class, were necessary parties to cause No. 10098 in order to support the pleas of res adjudicata and estoppel by judgment as urged by defendants and sustained by the trial court; and whether or not the partition judgment No. 3293 (not vacated in No. 10098) will support the plea of estoppel and res adjudicata urged by plaintiffs to the same character of pleas made by appellees and which were not sustained by the trial court. Under the discussion to follow, it will be assumed but not determined that authority to actively administer the trust under the terms of the will in behalf of the remaindermen had ripened in Scott prior to, and during the pendency and disposition of cause No. 10098.

■ Appellees contend that the remaindermen as beneficiaries under the trust are legally bound through the representation of Scott, trustee, who was made a defendant in such official capacity in No. 10098. To the general rule that beneficiaries are necessary parties to an action relating to trust property, appellees cite the exceptions to the general rule quoted in the text, 42 T. J. (Trusts). Sec. 158; further summarized and invoked in Slay v. Burnett, 143 Tex. 621, 187 S.W.2d 377; 382; Galveston H. & S. A. R. Co. v. Butler, 56 Tex. 506, 511; Lyons-Thomas Hardware v. Perry Store, 88 Tex. 468, 27 S.W. 100; Preston

v. Carter Bros. & Co., 80 Tex. 388, 391, 16 S.W. 17. The preceding authorities and a host of other decisions we have studied to solve the question when beneficiaries are necessary parties to a suit where the decree, as here, purports to divest the remaindermen of every vestige of a present or future interest in the corpus of the trust, reflects that the courts have been guided principally by the facts in the particular case whether to apply the general rule or an exception thereto.

■ We are unable to distinguish the facts here with the controlling facts involved in Ebell v. Bursinger, 70 Tex. 120, 8 S.W. 77, 78, wherein the Supreme Court concluded:

"The authority granted to the trustee in the present case, to receive rents for the use of the cestui que trust * * * the proceeds to go to her benefit, does not imply a power in him to defend alone a suit involving title to the trust-estate; and we are therefore of opinion that the beneficiary was a necessary party."

This case has been repeatedly cited since then, none of which, including those cited by appellees, have changed or abrogated the legal effect of above. For the latest recognition of this holding see Whitsett v. Whitsett, Tex.Civ.App., 201 S.W.2d 114, and authorities collated on page 122.

■ The general rule as applied in above authority is further applicable to the instant record under the principle of equity stated in 3 Bogert, Trusts and Trustees, Sec. 593; and recognized in Slay v. Burnett, supra, 187 S.W.2d 382, "That the trustee may not sue or be sued without joining the beneficiaries under the trust where rights of the beneficiaries as against the trustee, or the rights of the beneficiaries between themselves are involved." The decree in No. 10098 purports to dispose of a sharp clash of interest between the life tenant and the remaindermen, with the trustee here the asserted representative of each class, being cast in the center. The inconsistent positions taken by Louis T. Johnston, Sr., when he joined in the partition deeds and acted as a movant in the partition suit in recognition of his conveyance to his father and his acknowledgment

of the trust provisions and that taken a few years later when he attacked the foundation of the trust provisions; the type of the trust, namely, a spendthrift; and the disposition of the land in 1924 or 1925, for a recited consideration of $2,500.00, when a loan of $16,500 during the same month was obtained by his brother, further sustain in our opinion the wisdom of above equitable rule that the remaindermen were necessary parties to cause No. 10098. For the application of this principle of equity, see Franz v. Buder, 8 Cir., 11 F.2d 854, 857; Baird v. Peoples Bank & Trust Co., 3 Cir., 120 F.2d 1001, 136 A.L.R. 693; Lane v. Taylor, 287 Ky. 116, 152 S.W.2d 271; Green, et al., v. Brophy, 110 F.2d 539, 542, 71 App.D.C. 299; Shirk v. Walker, 298 Mass. 251, 10 N.E. 192, 198, 125 A.L.R. 620; Talbutt v. Security Trust Co., D.C., 22 F.Supp. 241; Underhill v. U. S. Trust Co., 227 Ky. 444, 13 S.W.2d 502; Bogert (Trusts and Trustees), Sec. 522; 54 Am. Jur. (Trusts) Sec. 593; 65 C.J. (Trusts) Sec. 759. ●

■ Appellees were strangers to the litigants in cause No. 10098, and strangers to that litigation at the time. A valuable consideration was paid as each appellee dealt with the property. No oral evidence, if admissible under a collateral attack, was adduced on the trial of the instant cause to show any fraudulent conduct or collusion between the parties in securing the judgment in that suit. It is appellees' contention under above premises that they were entitled to rely upon that judgment and are to be protected as bona fide innocent purchasers as against the claims here asserted by appellants, although their claim is based on an after acquired title, namely the 1925 deed made by Louis T. Johnston, Sr., to J. T. Johnston, Jr., citing 36 Tex. Jur. p. 456, Sec. 41; Martin v. Robinson, 67 Tex. 368, 3 S.W. 550, and decisions of similar import.

We are not so in accord. With the exception of the deed from Louis T. Johnston, Sr., to his brother dated January 1, 1924, which was filed for record December 10, 1925, all the deeds herein mentioned were forthwith filed for record and recorded in the Hunt County deed records.

A certified copy of the probate proceedings of each will and a certified copy of the two judgments had been forthwith recorded in the Hunt County deed records. These instruments were so of record at the time Crum Company and the appellees respectively dealt with the land. The instruments were in their chain of title. Such recordation visited each appellee with constructive notice of facts that would have put any prudent man on inquiry which if pursued would have revealed that at least two remaindermen, namely, Louis T. Johnston, Jr., and sister Virginia, were then in being at the time the litigation in cause No. 10098 was had, and would have revealed the history of former proceedings and acts of the parties herein above detailed, 43 Tex.Jur. (Vendor & Purchaser), Sec. 383.

The record will not sustain the court's findings that limitation began to run against the trustee and the remaindermen when Louis T. Johnston, Sr., repudiated the trust by his execution of an oil and gas lease in 1921 and executed the 1924 and 1925 deeds, so as to perfect title in appellees under the 3, 5, or 10 year statutes of limitation, Arts. 5507, 5509 and 5510, R.C.S. of Texas. It is without controversy that plaintiffs were born in 1920, 1924, and 1932, respectively, and that the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C.A.Appendix, § 501 et seq., has tolled the running of the statute of limitation as to those who reached their majority prior to this suit. Appellees seek to sustain this limitation finding on the rule of law stated in Broussard Trust v. Perryman, Tex.Civ. App., 134 S.W.2d 308, 313, as follows:

"It is well settled that when the legal title to land is vested in a trustee for the benefit of another, limitation will run against such trustee in favor of an adverse claimant in possession, and when the bar of the statute is complete against the legal title vested in the trustee, it applies also to the equitable title of the cestui que trust, and this though the cestui que trust be all the time under disability."

In above case and the decisions cited therein, the fee simple or full legal title was vested in the trustee. The trust provisions heretofore set out lodged in this trustee only a life estate for the life of Louis T. Johnston, Sr., and this burdened with certain restrictions. The will on its probate vested title in the remaindermen, of which plaintiffs are members of that class, subject to the life estate provisions, with this vested interest as remaindermen being defeasible only on a condition subsequent, namely, their death leaving no children, prior to the life tenant's death. Caples v. Ward, 107 Tex. 341, 179 S.W. 856.

It is therefore the opinion of this court that the trust provisions of the will are now and have been in full force and effect so far as the rights of the remaindermen as a class are involved; that all rights of Louis T. Johnston, Sr., under the trust were terminated in 1924 or 1925 as a result of his attempted alienation of the corpus of the trust estate; that the remaindermen, as a class, are entitled to the appointment of a receiver to administer the trust estate according to the trust provisions until the death of Louis T. Johnston, Sr., but for the benefit of the remaindermen as a class.

The conclusions above expressed render unnecessary a discussion of the asserted estoppel urged by plaintiffs by virtue of the judgment rendered in cause No. 3293. Nor is it necessary to determine if the independent executors were necessary parties to cause No. 10098 under the provisions of Art. 1982, R.C.S. of Texas.

We express no opinion as to the other issues raised in the respective pleadings with respect to equities that may exist between various warrantors of title, nor as to the disposition of any claims for rentals or improvements or the effect of any statute of limitation on same.

Accordingly, the judgment of the lower court is reversed and the cause is remanded with direction that the trial court observe the law of the case as above expressed and give effect to the same in the disposition of all other issues raised by the present pleadings or that may be raised by amended pleadings.

The judgment is reversed and the cause is remanded with instructions.