**BAIRD et al. v. PEOPLES BANK & TRUST CO. OF WESTFIELD et al.**

District Court, D. New Jersey.

Aug. 14, 1940.

Order Affirmed June 12, 1941.

See 120 F.2d 1001.

McDermott, Enright & Carpenter and James D. Carpenter, all of Jersey City, N.J., for plaintiffs.

Pitney, Hardin & Skinner and Charles R. Hardin, all of Newark, N.J., for defendants.

WALKER, District Judge.

On September 21, 1938, Shirley Sinclair Baird, a citizen of the State of Vermont, and Robert Rees Sinclair, a citizen of the State of Florida, filed their complaint herein against the defendants, one a corporation organized under the laws of the State of New Jersey, and the other a citizen of the State of New Jersey.

On November 3, 1939, the same plaintiffs filed their amended complaint against the same defendants, and on a motion directed to the court, it was on February 23, 1940, 31 F.Supp. 622, decided that the husband of Shirley Sinclair Baird (George H. Baird), the wife of Robert Rees Sinclair (Ruth W. Sinclair), Louise P. Townsend, Mary S. Day, Mrs. George B. Taylor, John Sinclair, Emma B. Harris, all of New Jersey, and Frances S. Berry of Michigan, remaindermen under the provisions of subparagraph (j) of the last will and testament of Robert Rees Sinclair, were indispensable parties and their nonjoinder as parties plaintiff was fatal.

On April 8, 1940, the court, by order, granted the plaintiffs leave to file a supplemental complaint and same was filed on April 20, 1940, and therein it is alleged that Louise P. Townsend, Mary S. Day, Sarah J. Taylor, John J. Sinclair, Frances S. Berry have severally sold, assigned, transferred and set over to Shirley Sinclair Baird, all their respective rights, titles and interests both legal and equitable, in and to the estate of Robert Rees Sinclair; that on November 13, 1939, Emily M. Harris, otherwise known as Emma B. Harris of Cranford, New Jersey, died; Dorothy D. Hall, her sole surviving child, succeeded to her mother's interest, and sold, assigned, transferred and set over same to Shirley Sinclair Baird;

that George Sinclair Hurst of Hartford, Connecticut, and Robert Hurst of Bethel, Connecticut, are the next of kin of Robert Rees Sinclair, and have sold, assigned, transferred and set over to Shirley Sinclair Baird their respective rights, titles and interests both legal and equitable, in and to the estate of Robert Rees Sinclair; that George H. Baird, the husband of Shirley Sinclair Baird, has an interest as equitable remainderman in the residuary trust established under the last will and testament of Robert Rees Sinclair and joins as a party plaintiff, and that Ruth Williamson Sinclair, wife of Robert Rees Sinclair, has an interest as equitable remainderman in the residuary trust established under the last will and testament of Robert Rees Sinclair, and joins as a party plaintiff.

The assignments hereinbefore more particularly identified are the subject of the motion now before the court; the defendants contending that same were obtained to confer jurisdiction upon this court, it being also pointed out that Sarah J. Taylor of Westfield, New Jersey, in 1937, assigned all of her interest in the estate of Robert Rees Sinclair, to her daughter, Elizabeth Taylor Boyer of Elizabeth, New Jersey, and without reassignment or cancellation thereof, and while same was still in force and effect she, the said Sarah J. Taylor, assigned the same interest to Shirley Sinclair Baird.

Shirley Sinclair Baird cannot, under the circumstances, be said to be the assignee of Sarah J. Taylor, and so there is a nonjoinder of Elizabeth T. Boyer, an indispensable party.

The assignments of Louise P. Townsend, Mary S. Day, John J. Sinclair, Frances S. Berry, Dorothy D. Hall, George Sinclair Hurst and Robert Hurst, executed subsequent to the ruling set forth in paragraph two hereof, were undoubtedly inspired thereby, and, in the opinion of this court they are devices used for the purpose of securing federal jurisdiction and violated Rule 17(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and under 28 U.S.C. § 80, 28 U.S.C.A. § 80 (Judicial Code, Section 37), the suit is dismissed.