## ESSEX COUNTY.[*]

MARIA C. CHASE & others *vs.* GEORGE H. CHASE & another.

Under a will creating a trust fund, with directions to pay the income yearly to the testator's son, "for the support of himself and his family, and the education of his children," the income, when received by the son, is taken in trust, and his wife and children can enforce its due appropriation, in part for their benefit, in equity, and, if the will was made by a resident of this commonwealth, and was proved in this commonwealth, and the trustee who by the terms of the will holds the principal trust fund lives in this commonwealth, this court has jurisdiction to regulate the proper administration of the trust, although the testator's son, and his wife and children, all live in another state.

[*] METCALF, J. also sat in the cases for Essex and Middlesex.

9*

BILL IN EQUITY, by the wife of Philip B. Chase of Philadelphia, in the state of Pennsylvania, against her husband and the trustee under his father's will, setting forth that the will of the late Philip Chase of Salem, in the county of Essex, duly admitted to probate in said county, contained the following provision : " I give and bequeath unto my son George Hazen Chase and my friend Jeremiah Hacker of Philadelphia, ten shares in the New Market Manufacturing Company, and the sum of seven thousand dollars to be held by them and the survivor of them upon the following trusts, namely, that they shall keep the same invested in such stocks and securities as they may think best, and also may appropriate any part of it to the purchase of real estate, if at any time they should think it for the interest of my son and his family so to do, and pay the income and annual interest thereof to my son Philip Brown Chase of Philadelphia every year during his natural life, for the support of himself and his family and· the education of his children, and, upon the decease of my said son, my said trustees or survivor of them shall divide the principal of said trust fund then in their hands in equal portions among all the issue of said son, the issue of any deceased child to take the share of their deceased parent ; and I now direct my executors to surrender to my said son all demands and cancel all charges I have made against him prior to the first day of the 1st month 1855, and in view of the large indebtedness of my said son Philip to me, I make no other direct provision for him in this will, and I request that my said trustees may not be held to give any bond on accepting the trust aforesaid " ; that Jeremiah Hacker has upon application to the proper court· been relieved from further service as trustee, and that George H. Chase of Salem is now the sole trustee, and as such has paid to Philip B. Chase over one thousand dollars, only a very small portion of which has been expended by him for the support of his family and the education of his children ; that the plaintiff is the mother of five sons by said Philip B., the eldest of whom is eighteen years old, and who, with herself, constitute his family ; that Philip B. is and for more than five years past has been a man of intemperate habits, and unfit to

transact business; that he does not earn a living for his family, neglects to provide for them the necessaries of life, misuses the money paid to him by the trustee, neglects to spend the same for the support of his family and the education of his children, who are entirely dependent upon him and the income of the legacy for their support; and that the trustee declines to pay or expend any portion of the said income to or for the plaintiff or hei children, without an order from this court. The prayer of the bill was for an order requiring the trustee to appropriate and pay such portion of the income annually towards the maintenance of the family of Philip B. Chase and the education of his children as the court might deem fit and proper; for a temporary injunction restraining further payments to him; and for other relief.

The five children were subsequently, by consent, admitted as parties plaintiff to the bill.

The defendant Philip B. Chase demurred to the bill, assigning for causes that the court has no jurisdiction of his person, or of any controversy between him and the plaintiff, both being residents of a foreign state; that the bill states no case for equitable relief; and that the will, as set forth, requires the trustee to pay over the income of the trust fund to him, and if any subsequent trust is therein created, it cannot be enforced in this suit, or by this court.

This case was decided in June 1861.

*S. B. Ives, Jr.,* for the defendant Philip B. Chase, cited 2 Kent Com. (6th ed.) 141; *Udall* v. *Kenney,* 3 Cow. 609; *Knight* v. *Knight,* 3 Beav. 172; *Pope* v. *Pope,* 10 Sim. 1; *Bardswell* v. *Bardswell,* 9 Sim. 320; *Harper* v. *Phelps,* 21 Conn. 257; 2 Story on Eq. § 1070; *Harding* v. *Glyn,* 1 Atk. 469; S. C. 2 White & Tudor's Lead. Cas. in Eq. 789.

*E. W. Kimball,* for the plaintiff, cited *Treadwell* v. *Cordis,* 5 Gray, 341; *Dimmock* v. *Bixby,* 20 Pick. 368; *Hooper* v. *Hooper,* 9 Cush. 127; *Sargent* v. *Bourne,* 6 Met. 33; *Crocker* v. *Crocker,* 11 Pick. 252; *Kilburn* v. *Hosmer,* 10 Cush. 146; *East Sudbury* v. *Belknap,* 1 Pick. 512; 1 Jarman on Wills, 333; 2 Story on Eq. §§ 1068 *& seq.; Cole* v. *Littlefield,* 35 Maine, 439.

BIGELOW, C. J. The intent of the testator to give the benefit of the income of the trust fund created by his will to the wife and children of his son Philip, as well as to his son, is clear and unequivocal. It was intended for their joint support, and for the education of the children. The only question arising on the construction of the will is, whether the income of the trust fund when received by the son is held absolutely by him to be disposed of at his discretion, or whether he takes it in trust, so that the wife and children can seek to enforce its due appropriation in part for their benefit in a court of equity. We cannot doubt that the latter is the true construction; otherwise it would be in the power of the son to defeat the purpose of the testator by depriving his family of the support and education which was expressly provided for by the will. The adjudicated cases recognize the rule that, where income arising from property is left to a person for the maintenance of children, he will be entitled to receive it for that purpose only so long as he continues properly to maintain them. It can make no difference in the application of the principle, that the person who is to receive the income also takes a beneficial interest in it for his own support. He is not thereby authorized to appropriate the whole of it to his own use, and deprive the other beneficiaries of the share to which they are equitably entitled. *Hadow* v. *Hadow,* 9 Sim. 438. *Jubber* v. *Jubber,* Ib. 503. *Longmore* v. *Elcum,* 2 Y. & Coll. (Ch.) 363. *Leach* v. *Leach,* 13 Sim. 304. *Hart* v. *Tribe,* 19 Beav. 149. *Raikes* v. *Ward,* 1 Hare, 445. *Crockett* v. *Crockett,* 2 Phillips R. 553.

The objection to the jurisdiction of the court cannot prevail. The residence of the trustee and *cestuis que trust* out of the Commonwealth does not take away the power of this court to regulate and control the proper administration of trust estates which are created by wills made by citizens of this state, and which have been proved and established in the courts of this commonwealth. The legal existence of the trust takes effect and validity from the proof of the will, and the right of the trustee to receive the trust fund is derived from the decree of the probate court. If the trustee is unfaithful or abuses his

trust, that court has jurisdiction to remove him, in concurrence with this court, on the application of those beneficially interested in the estate. Gen. Sts. *c.* 100, § 8. In the case at bar, the jurisdiction of this court is clear on another ground. The trustee who by the terms of the will holds the principal in trust, out of which the income is to be raised and paid over to the son Philip for the support of himself and family, is a resident in this commonwealth. Upon satisfactory proof that the income is misapplied by the sub-trustee, to whom by the will he is directed to pay it, the court can enjoin the trustee, who is within the jurisdiction, from making further payments, and pass such decrees in relation to the future disposition of the income as the rights of the *cestuis que trust* may in equity require.

*Demurrer overruled.*