## TALBUTT v. SECURITY TRUST CO.
### No. 908.

District Court, E. D. Kentucky.
Feb. 21, 1938.

Frank Ginocchio and S. S. Yantis, both of Lexington, Ky., for plaintiff.

Hunt & Bush, of Lexington, Ky., for defendant.

FORD, District Judge.

The bill shows that under the will of J. W. Appleton, deceased, the defendant, Security Trust Company, held certain personal property as trustee under the following terms of trust:

"For the use and benefit of this plaintiff for and during her natural life, and at her death, to her issue, if any, if none, to her surviving brothers and sisters if there be any, and to the issue of any such as are dead leaving issue, such issue to take the parent's share; but, if plaintiff should leave no brother or sister, or any issue of any such brother or sister then to the persons who would then be the testator's heirs at law."

It appears from the bill that the plaintiff has two living brothers, namely, J. W. Appleton and Bert Appleton, who are the only persons, in being, representing remaindermen, contingent or vested. Neither of these brothers is joined as a party to the action. It is not shown that either of them is beyond the jurisdiction of the court. The bill alleges, in substance, that due to certain culpable derelictions on the part of the trustee in the handling of the estate, a substantial portion of the corpus of the estate has been lost or dissipated, and the plaintiff prays, on behalf of the trust estate, for restoration of the resulting deficiency in the corpus of the estate with interest from the time of the loss.

By motion to dismiss, the defendant challenges the jurisdiction of the court to entertain this suit by the life tenant for the restoration of a portion of the corpus of the estate without the presence, as parties, of the plaintiff's brothers, who, as contingent remaindermen, are the persons in being in whom the estate would have vested, if the contingency had happened before the commencement of the action, and are obviously the only persons representative of the remainder interest created by the will.

The plaintiff, as life tenant, does not completely own the right here sought to be adjudicated. The claim which she asserts is one which affects all interests inherent in the corpus of the estate. The interests of the life tenant and the remaindermen in respect to the corpus of the trust estate are so united and bound together that they seem clearly inseverable, and an adjudication of questions affecting the right of the trustee to be absolved from responsibility for the restoration of the corpus of the estate would necessarily have a direct effect on the interests of both, and can only be had in a proceeding to which both the life tenant and the remaindermen or such of the contingent remaindermen as are in being, are parties. Shields v. Barrow, 17 How. 130, 15 L.Ed. 158; Gregory v. Stetson, 133 U.S. 579, 10 S. Ct. 422, 33 L.Ed. 792; Commonwealth Trust Co. v. Smith, 266 U.S. 152, 45 S.Ct. 26, 69 L.Ed. 219; Franz v. Buder, 8 Cir., 11 F.2d 854.

In the case of Balter v. Ickes, 67 App. D.C. 112, 89 F.2d 856, 858, 859, it is said:

242

"It is the general rule in equity that, in order that a final and complete decree may be made, all persons 'are to be made parties who are legally or beneficially interested in the subject matter and result of the suit.' Caldwell v. Taggart, 4 Pet. 190, 202, 7 L.Ed. 828; Gregory v. Stetson 133 U.S. 579, 586, 10 S.Ct. 422, 33 L.Ed. 792. \* \* \*

"All whose interests will be affected by the decree, that is, all persons materially interested either legally or beneficially in the subject matter of the suit, must be made parties. Ribon v. Chicago Railroad Company, 16 Wall. 446, 450, 21 L.Ed. 367; Commonwealth Trust Co. v. Smith, 266 U.S. 152, 158, 45 S.Ct. 26, 69 L.Ed. 219."

In the case of State of Washington v. United States, 9 Cir., 87 F.2d 421. 430, it is said:

"It is true that the decree does not adjudicate the reversionary interest, but it does have an effect thereon because in such reversionary interest there is a right to receive, at some future time, the right of possession. This right of possession is so bound up in the reversionary estate and the estate for years, that a decree against the leasehold estate, under such circumstances, has a direct effect on the reversionary interest."

 There are many other cases in which the courts have discussed the appropriate tests for determining whether or not a person is an indispensable party to an action. It seems sufficient to say that, after a careful study of the authorities, I am led to the conclusion that a decree in this case, either absolving the trustee from responsibility or requiring restoration of the corpus of the estate, would have such a direct effect upon the remainder interests as that such an adjudication in their absence would be inconsistent with equity and good conscience, and hence the remaindermen, or such of them as are in being, are indispensable parties. This conclusion is not affected by the fact that the absent remaindermen would not be bound or concluded by the decree. California v. Southern Pacific Co., 157 U.S. 229, 15 S.Ct. 591, 39 L.Ed. 683. The facts involved in the cases of Payne v. Hook, 7 Wall. 425, 19 L.Ed. 260, Seeley v. Cornell, 5 Cir., 74 F.2d 353, and others of like import, relied upon by the plaintiff, in which the absent parties did not own or claim any present or future interest in the particular undivided interest of the plaintiffs in the property there in question, are not analogous, and the holdings of those cases do not seem apposite.

That the joinder of the plaintiff's brothers will oust the court of jurisdiction does not authorize the court to proceed in their absence, if they are indispensable parties. Shields v. Barrow, supra. The plaintiff is not deprived of a remedy, but is merely relegated to the jurisdiction of the state court before which all persons may be brought who are interested in the subject-matter of the litigation, either legally or beneficially, and wherein an effective and just determination of the questions involved may be had which will be final and binding upon all parties in interest.

The motion to dismiss should be sustained. Let an order be entered in conformity herewith.