## BAIRD et al. v. PEOPLES BANK & TRUST CO. OF WESTFIELD et al.

### No. 2.

District Court, D. New Jersey.

Feb. 23, 1940.

McDermott, Enright & Carpenter (by James D. Carpenter), of Jersey City, N. J., for plaintiffs.

Pitney, Hardin & Skinner, (by Charles R. Hardin), of Newark, N. J., for defendants.

FAKE, District Judge.

It appears from the record before the Court that Robert Rees Sinclair departed this life leaving a last will and testament which was duly probated and under the terms thereof, the defendants became trustees of the residuary estate aggregating upwards of $874,000. They were authorized "to hold, manage and invest and re-invest the same in lawful securities and to pay over the income and principal thereof" as in said will directed.

The plaintiffs allege that the defendants made unauthorized, unlawful and improper investments of the trust funds resulting in large losses and seek an accounting and judgment thereon.

Defendants move to dismiss the complaint, among other reasons, upon the ground of non-joinder of indispensable parties.

It appears from an examination of the will that the plaintiffs herein hold equitable life estates in equal shares of the income of the estate, and in the event of the death of either of them leaving no wife or husband or lawful issue, the survivor will take the whole income for life. In the Seventh paragraph of the will, the following subparagraphs appear:

"(e) I hereby give and grant unto each of my said children, in case he or she shall die leaving a wife, husband or lawful issue, the power to dispose of a one-half share of the principal of my estate (or, if either shall have succeeded to the others half interest by reason of the death of the other as provided in subdivision (d) above, then to dispose of the whole of said principal of said estate) by his or her last will and testament without limitation, and in the event of his or her failure so to dispose of the same I direct that under such conditions such principal shall be equally divided between or among the surviving wife or husband of the deceased, as the case may be, and any surviving lawful issue, in equal shares.

"(f) I hereby give and grant unto the Trustees under this will full power and authority to pay to either or both of my said children during the administration of the trust, out of the principal of the trust at any time, such amounts as in their discretion may be reasonably required to meet any critical, physical or other emergency arising in the case of either child during his or her life and which the income or principal paid to such child may not be sufficient to meet at the time, hereby ratifying and confirming any such payment by my trustees in the exercise of their judgment and discretion under this provision of my will."

"(j) In the event of the death of both of my children with neither of them leaving surviving any wife, husband, or lawful issue, and without either of them having disposed of the principal of the trust estate by will, as hereinbefore empowered, then and in that case the whole of the income shall thereafter be paid to my mother for the rest of her life and upon her death the principal and any unexpended income of the trust estate shall be paid over as follows:— One-half thereof in equal shares to the then surviving next of kin of my late wife, Beatrice Sinclair, and the remaining half in equal shares to the next of kin of myself then surviving, and the trust shall be at an end."

Each of the plaintiffs are now married, but there are no children of either marriage. The husband of the plaintiff, Baird, is George H. Baird of Vermont. The wife of the plaintiff, Sinclair, is Ruth W. Sinclair of Florida.

The persons now in being who would take remainders under the provisions of subparagraph (j) above are as follows: Louise P. Townsend of New York, a first cousin of testator's deceased wife, and May S. Day, Mrs. George B. Taylor, John Sinclair and Emma B. Harris, all of New Jersey and Frances S. Berry of Michigan, second cousins of testator.

It is urged that all of the persons in being above named are indispensable parties to this suit.

Owing to the fact that the subject of indispensable parties is one which has developed in the Federal Courts and arises out of the limited jurisdiction of our Federal Courts, cases arising in State jurisdictions bearing upon necessary parties can be of but little assistance in solving the problems presented. In State of Washington v. United States, 87 F.2d 421, at pages 425–431, the Circuit Court of Appeals of the Ninth Circuit, after an analysis of numerous cases and a consideration of the rules lays down certain principles for the purpose of ascertaining whether or not one is an indispensable party:

"After first determining that such party is interested in the controversy, the court must make a determination of the following questions applied to the particular case: (1) Is the interest of the absent party distinct and severable? (2) In the absence of such party, can the court render justice between the parties before it? (3) Will the decree made, in the absence of such party, have no injurious effect on the interest of such absent party? (4) Will the final determination, in the absence of such party, be consistent with equity and good conscience?

"If, after the court determines that an absent party is interested in the controversy, it finds that all of the four questions outlined above are answered in the affirmative with respect to the absent party's interest, then such absent party is a necessary party. However, if any one of the four questions

is answered in the negative, then the absent party is indispensable."

It appears from the language of the will that the spouses of the life tenants and the cousins above mentioned are, under the provisions of the will, remaindermen, and as such "presumptive takers" as defined in 2 Restatement of Property, § 181, comment, page 726. Their absence can not be excused upon the theory of representation which would excuse the bringing in of living persons as parties, because it "is not applicable to permit the person named or described in one part of a limitation to represent the person named or described in an alternate limitation." Id., § 181, comment, page 728. Moreover, these parties have vested interests in the corpus of the estate, and no changes may be made here in the portfolio of the estate without affecting their rights therein.

Referring to State of Washington v. United States, supra, for an approach to the solution of the problem of indispensable parties, it is found that it must first be ascertained whether the absent parties are interested in the controversy. That they are in this case there can be no doubt. The next inquiry is: Are the interests of these parties "distinct and severable" from those of the plaintiffs herein? The answer to this is: The interests of all the parties reside in the corpus of the estate; the interests of the absent defendants can not be ascertained at this time, and they are therefore definitely not severable. This furnishes a negative answer to the question (1) propounded in the case last above cited. It follows that the absent parties are indispensable parties. The same conclusion was arrived at by Judge Ford in Talbutt v. Security Trust Co., D.C., 22 F.Supp. 241, wherein it is held that the non-joinder of remaindermen or of such of the contingent remaindermen as were in being was fatal. With that opinion I am in full accord.

This results in the striking out of so much of the complaint as deals with an accounting and judgment thereon.

However, in October of 1939 the plaintiffs amended their complaint by the insertion of a paragraph wherein they allege that by virtue of the unauthorized, unlawful and improper investments of the trust funds they have "been deprived of income in the sum of approximately $6,000. and seek judgment therefor." No one other than the plaintiffs has any interest in the income thus sought, and the complaint will be held on that count, subject to the removal of the issue to the law side of the Court should either party desire a jury trial. See Schoenthal et al. v. Irving Trust Co., 287 U.S. 92, 53 S.Ct. 50, 77 L.Ed. 185, and Lewinson v. Hobart Trust Co., D.C., 49 F. 2d 356, therein cited.

Counsel may appear before me on notice to fix the terms of the order to be entered in conformity herewith.