## ATWOOD et al. v. NATIONAL BANK OF LIMA.

### No. 8374.

Circuit Court of Appeals, Sixth Circuit.

Dec. 3, 1940.

George S. Moss, George E. Taylor, and Robert A. Kelb, all of Toledo, Ohio, for appellants.

Leslie Reid, of Lima, Ohio, for appellee.

Before SIMONS, HAMILTON, and MARTIN, Circuit Judges.

SIMONS, Circuit Judge.

The appellants were plaintiffs below but their petition was dismissed upon sustaining of a three-pronged motion of the appellee calling, (1) for an order to make the complaint more definite, (2) for the adding of parties plaintiff, and (3) for dismissal of the action because of lack of jurisdiction based on diversity of citizenship. Since the order is final and appealable only in its third aspect, we conceive the question for review as limited to the jurisdiction of the court to entertain the suit, and need not consider the paradox of a command to add definiteness and parties to a dismissed complaint.

The plaintiffs are eight in number, all residents of states other than Ohio. The defendant is a national banking corporation having its office and place of business in Lima, Ohio, and so for jurisdictional purposes, a resident and citizen of that state. The petition alleges that in 1887, John Stamets, a son of Henry and Rachel Stamets, received from his parents the sum of $159,000 in trust, for investment on behalf of the heirs and next of kin of the settlors; that investments were made by John in the names of his wife, Malinda, and son, Lorin; that at the death of the survivor, Lorin, the appellee bank qualified as executor under his will and repudiated the trust. It is alleged that there are other heirs and next of kin of the settlors, but as residents of Ohio they cannot be made parties without ousting the jurisdiction of the court, and that still another group of heirs have had their beneficial interests in the alleged trust fund satisfied. The petition alleges a demand upon the appellee for an accounting, and its refusal, and prays for a decree terminating the trust, ordering an accounting, and directing the defendant to pay over to each plaintiff his or her part of the trust estate.

While no opinion, findings of fact, or conclusions of law were announced, it is implicit in the decision and indicated by the supporting argument, that dismissal was on the ground that the Ohio parties were indispensable to the framing of a just decree, so that their presence in the case would destroy the diversity of citizenship imperative to federal jurisdiction.

There appears to be no difference of opinion as to the legal principles which govern requisite diversity of citizenship in a case where absent parties have an interest in its disposition. The appellee concedes that the omission of proper parties does not divest the court of jurisdiction even though their joinder would destroy diversity (Rule 19(b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c), but contends that if the omitted parties are indispensable, the court may not exercise it. It is in the application of

the law to the interest of the absent parties in the subject matter of the petition, that the controversy arises, for it is agreed that if their interests are separable from those of the nominal parties, they need not be joined.

■ A study of the cases leads to the conclusion that the parties plaintiff in the present proceeding have no interest that is joint or common with those who have been omitted. While the alleged trust fund is unitary, the asserted right of each of the heirs or next of kin to share in it is single and separate, and the court may do justice between the parties before it without prejudice to the rights of the absentees, Horn v. Lockhart, 17 Wall. 570, 21 L.Ed. 657; Payne v. Hook, 7 Wall. 425, 19 L.Ed. 260; Williams v. Crabb, 7 Cir., 117 F. 193, 204, 59 L.R.A. 425; Seeley v. Cornell, 5 Cir., 74 F.2d 353, 355. Kendrick v. Kendrick, 5 Cir., 16 F.2d 744, is not contra, for that case involved a suit for partition of lands in which all heirs of the deceased were clearly indispensable parties.

■■ Our conclusion that the court had jurisdiction based upon diversity of citizenship is not affected by the fact that the plaintiffs undertook to bring their action, not only for their own benefit, but on behalf of all heirs and next of kin of the settlors. Their suit does not qualify as a class action (Rule 23). There were but 39 heirs and next of kin, and of these some had had their claims satisfied. Eight joined as plaintiffs. The class is not so numerous as to make it impracticable to bring them all before the court. It has recently been pointed out (Hansberry v. Lee, 61 S.Ct. 115, 85 L.Ed. ——, announced November 12, 1940), that the class suit was an invention of equity to enable the court to proceed to a decree where the number of those interested in the subject of the litigation is great; where it is impossible to join all of them because some are not within the jurisdiction, or because their whereabouts is unknown; and where those who are joined fairly represent the absentees in issue in which all have a common interest. None of these tests, if applied, will sustain the present suit as a class action, and the allegation of the petition that it is so brought may be ignored.

■■ Construing the petition as initiating the separate suit of the plaintiffs named therein, there is infirmity in its allegation of the jurisdictional amount involved. While it is asserted that the amount involved, exclusive of interest and costs, is in excess of $3,000, it would appear that this allegation is based upon the concept of the suit as a joint or class action. Nowhere, is there an allegation that each of the plaintiffs separably is entitled to recovery in the jurisdictional amount, and their claims being several, may not be aggregated, Lion Bonding Co. v. Karatz, 262 U.S. 77, 86, 43 S.Ct. 480, 67 L.Ed. 871. This leads to the question whether proper practice requires sustaining the dismissal order in view of the observation in Clark v. Paul Gray, Inc., 306 U.S. 583, 590, 59 S.Ct. 744, 83 L.Ed. 1001, or whether, following precedent adopted in other cases, the cause should be remanded to the District Court to permit the plaintiffs to amend their petition, if they are able to do so, to show the amount in controversy requisite for jurisdiction, Columbian Nat. Life Ins. Co. v. Harrison, 6 Cir., 12 F.2d 986; Winn v. Consolidated Coach Corp., 6 Cir., 65 F.2d 256, and cases there cited. In view of the command of Rule 15(a), that leave to amend shall be freely given when justice so requires, and the fact that the petition herein differs from that in Clark v. Paul Gray, Inc., supra, in that there is an allegation of requisite amount in controversy, whereas in the cited case there was none, and only its application is obscure, we incline to the latter course. We therefore direct that the order of dismissal be set aside; that the cause be remanded to the District Court, with instructions to permit the plaintiffs to amend their jurisdictional averments if all or any are able to do so; to assume jurisdiction of the controversy between such plaintiffs and the defendant; and to dismiss the suit of any or all plaintiffs who are unable or fail to aver an amount in controversy necessary to confer jurisdiction.

It is so ordered.