## BAIRD v. PEOPLES BANK & TRUST CO. OF WESTFIELD et al.

### No. 7612.

Circuit Court of Appeals, Third Circuit.

June 12, 1941.

---

Frank H. Stewart, of Boston, Mass., and James D. Carpenter, Jr., of Jersey City, N. J., for appellants.

Charles R. Hardin, of Newark, N. J. (Pitney, Hardin & Skinner, of Newark, N. J., of counsel), for appellees.

Before BIGGS, MARIS, and JONES, Circuit Judges.

MARIS, Circuit Judge.

The facts giving rise to the order of the District Court for the District of New Jersey from which this appeal is taken are contained in the pleadings, admissions and stipulations of the parties. In 1927 Robert Rees Sinclair, hereinafter called the testator, died a resident of New Jersey leaving a will in which he named the defendants trustees of his residuary estate, amounting to more than $874,000, in trust "to invest and reinvest the same in lawful securities." The trustees were to pay the income to the testator's son, Robert Rees Sinclair, and daughter, Shirley Sinclair Baird. Each life tenant was given a power of appointment by will over one-half of the principal of the estate in case he or she should die leaving a spouse or issue. In case either of the life tenants failed to exercise their power of appointment the principal was to be distributed one-half to the surviving spouse and one-half to the surviving issue and in default of such survivors then to the next of kin of the testator and of the testator's deceased wife.

In November, 1938, Robert Rees Sinclair and Shirley Sinclair Baird filed a bill of complaint against the trustees in the district court, alleging that the defendants had wrongfully invested more than half of the corpus of the trust in violation of their duties under the will by purchasing securities which were not legal investments in New Jersey. The plaintiffs asked that the trustees be directed to account and to return to the trust all sums found to have been so improperly invested. At the time the complaint was filed each of the plaintiffs was married but had no children. There were known next of kin of the testator and his deceased wife. In November, 1939, the plaintiffs, with leave, amended their complaint by making the further allegation that they were deprived of $6,000 of income from the trust by reason of the unlawful investments previously alleged and by asking for judgment for that sum.

The defendants moved to dismiss the complaint for nonjoinder of indispensable parties. In an opinion filed February 23, 1940, 31 F.Supp. 622, the district court found the amended complaint insufficient insofar as it dealt with the corpus of the trust because of the nonjoinder of the spouses and of the next of kin, all of whom the court considered indispensable parties, but found the complaint as to the income sufficient. No order was entered in conformity with this opinion. In April 1940 the plaintiffs filed a supplemental complaint, in which their respective spouses, Ruth W. Sinclair and George R. Baird, joined as plaintiffs. They alleged that all the known next of kin, eight in number, had sold and transferred to the plaintiff, Shirley Sinclair Baird, all their rights as remaindermen. It appeared, however, that one of the next of kin, Sarah Brown Taylor, had previously irrevocably assigned her interest to her daughter, Elizabeth Taylor Boyer, so that her later purported transfer to the plaintiff was a nullity. Another motion to dismiss having been made the court held that Elizabeth Taylor Boyer was an indispensable party and that the supplemental complaint was bad for nonjoinder. In addition the court concluded that the assignments were devices for securing federal jurisdiction which violated Rule 17(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. On October 14, 1940 the court ordered that so much of the complaint as dealt with an accounting as to any part of the principal of the trust fund be stricken out, that George R. Baird and Ruth W. Sinclair be dismissed as parties to the suit and that the suit be retained solely for the

purpose of adjudicating the claims of the life tenants for loss of income.

■ The present appeal from this order is by all four plaintiffs. Although it is debatable whether the order is a final one as to the plaintiffs, Shirley Sinclair Baird and Robert Rees Sinclair, since the court retained jurisdiction of so much of the controversy as dealt with their claims for income (see Collins v. Metro-Goldwyn Pictures Corporation, 2 Cir., 106 F.2d 83), we have jurisdiction since the order is undoubtedly final as to the additional plaintiffs, George R. Baird and Ruth W. Sinclair and, therefore, the appeal may be prosecuted by them.

■ We are accordingly called upon to decide whether a presumptive remainderman of a testamentary trust, or her assignee, is an indispensable party in an action brought by life tenants against the trustees of the trust for an accounting and replacement in the corpus of the trust of investments improperly made by them. In Shields v. Barrow, 17 How. 130, 139, 15 L. Ed. 158, the Supreme Court reviewed its prior cases dealing with parties to a bill in equity, concluded therefrom that there were three classes and described those classes as follows:

"1. Formal parties. 2. Persons having an interest in the controversy, and who ought to be made parties, in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it. These persons are commonly termed necessary parties; but if their interests are separable from those of the parties before the court, so that the court can proceed to a decree, and do complete and final justice, without affecting other persons not before the court, the latter are not indispensable parties. 3. Persons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience."

For an absent party to be in the third class, that is, indispensable, he must of course have a direct interest in the litigation. If this interest is such that it cannot be separated from that of the parties to the suit; if the court cannot render justice between the parties in his absence, if the decree will have an injurious effect upon his interest; or if the final determination of the controversy in his absence will be inconsistent with equity and good conscience, he is an indispensable party. State of Washington v. United States, 9 Cir., 87 F.2d 421. In our opinion the interest of the remaindermen is direct, distinct and nonseverable.

■ The portion of the complaint with which we are concerned relates to the administration by the trustees of the corpus of the trust. The relief sought is that certain specific investments, alleged to have been illegally made, be replaced with cash. The interest of the remaindermen in the corpus and in the specific investments is just as direct as that of the life tenants. Talbutt v. Security Trust Co., D.C., 22 F. Supp. 241; Franz v. Buder, 8 Cir., 11 F.2d 854. Since it is a succeeding interest it is not severable as an undivided present interest might be. It is obviously impossible to make a complete physical division of a trust fund between life tenants and remaindermen. But both are entitled to compel proper action with respect to the securities comprising the corpus of the trust. If they are permitted to resort to different courts for such relief inconsistent orders with respect to the same securities might well make orderly administration of the trust impossible.

It necessarily follows that the presence of the remaindermen is indispensable in an action by life tenants relating to the corpus of the trust fund. We are of the opinion that the district court correctly struck the complaint as to all but the claim for income because of the absence of an indispensable party. This conclusion makes it unnecessary for us to consider the defendants' contention that the assignments secured from the remaindermen by Shirley Sinclair Baird must be disregarded as mere devices to secure jurisdiction in the district court.

The order of the district court is affirmed.