**BAKER v. DALE et al.**
Civ. No. 1006.

United States District Court,
W. D. Missouri, Southwestern Division.
Aug. 23, 1954.

Burns & Dicus, Kansas City, Mo., for plaintiff.

Coyne & Patten, Joplin, Mo., for defendant, Dale.

John H. Flanigan, Carthage, Mo., for defendants, Flanigan, Phelps and King.

WHITTAKER, District Judge.

This matter is now before me upon the separate, but similar, motions of defendant, Dale, and of defendants, Flanigan, Phelps and King, under Rule 12(b) (6) and (7) of Federal Rules of Civil Procedure, Title 28 U.S.C., to dismiss, upon the grounds (a) that plaintiff's first amended complaint fails to state a claim upon which relief can be granted, particularly because barred by Missouri statutes of limitation, and (b) failure to join indispensable parties.

Stated briefly, but sufficiently for present purposes, the first amended complaint alleges: that plaintiff's father, W. S. Crane, died in 1931, testate, a resident of Jasper County, Missouri; that his will, which was admitted to probate in the Probate Court of that county, after providing, in Item First, for the payment of his debts and funeral expenses, provided, in Item Second, as follows:

"Second: All the balance and residue of my estate of whatsoever kind and wheresoever situated I will to my nephews, S. L. Kenny and James H. Dale, in trust. My said Trustees shall hold and manage said property so willed to them in trust, and shall have authority to dispose of, by deed or otherwise, any part of the principal of the estate, for the purpose of reinvestment or placing the same on interest, and they shall diligently hold and manage the trust estate, and after paying the necessary costs and expenses thereof then One-Half of the income shall be paid to my daughter, Rebecca Ramsay, during her natural life, or in the case of her death, to her child born of the marriage between her and Robert Ramsay, and which said income shall be paid to said child during its life.

"After paying said One-half of said income as above mentioned, out of the other One-half the sum of One Hundred Dollars per month shall be paid to each of my sisters, Nancy A. Kenny and Mary L. Dale, for and during their natural lives, and the balance of the income shall be added to the principal of the estate.

"After the death of my sisters, then it is my will that of said One-half of my income, One-half thereof shall be paid to my daughter, if living, and if not, to her said child, and the balance shall be divided annually or semi-annually, as my Trustees shall deem best, to my nephews and niece in equal parts. At the death of my daughter and her said child, then the trust estate shall cease, and shall be equally divided between my nephews and niece in equal parts, and in case any one of my nephews or niece shall die, leaving children, then such children shall receive the parent's part of my estate;"

That the original executor having died before the administration of the estate was completed, defendant, Dale, was appointed administrator de bonis non (hereinafter called "administrator") in February, 1937; that the defendant, Flanigan, was a partner, and the defendant, Phelps, was an associate, of the law firm which was counsel for defendant, Dale, as administrator of the estate, and that defendant, King, was an appraiser of assets of the estate, and that all occupied a fiduciary relationship to the estate and to plaintiff.

That the estate consisted, in the main, of 18 tracts of valuable real estate, some highly improved, in Jasper, Lawrence and Newton Counties, Missouri, described in the complaint; that deceased left a number of creditors, whose claims were presented to and allowed by the probate court; that defendants conspired to obtain for themselves the assets of the estate, and, in pursuance of the conspiracy, defendants, Flanigan and Phelps, in February and March of 1939, purchased the allowed demands from the creditors at a

large discount, and then caused defendant, Dale, as administrator, to present to the probate court, on April 5, 1939, a petition to sell the real estate at private sale to obtain funds to pay the allowed claims, and an order accordingly was made that date; that defendants then caused the real estate to be appraised, by appraisers who were disqualified because interested, at a sum far less than its worth.

That subsequent to the order of sale, and prior to the filing of the appraisal on May 11, 1939, defendants, Flanigan and Phelps, formed a corporation of their own, on May 8, 1939, under the name of "F-P Realty Company" for the purpose of buying the assets of the estate at private sale from the administrator; that thereafter on May 25, 1939 the administrator filed in said probate court his report of private sale of said real estate to F-P Realty Company for the sum of $94,566.33, an amount equal to the allowed demands against the estate, and that defendants fraudulently procured the approval of said sale by the probate court on July 7, 1939; that after the sale the allowed claims were paid by the administrator, and administration of the estate was closed in 1940; that plaintiff was not advised of the proceedings when had and did not learn of the facts until "during the months of May and June of 1949", and she prays for an accounting by defendants, and that said real estate be impressed with a trust for her benefit.

As stated at the outset, defendants have moved, under Rule 12(b) (6) and (7) of Federal Rules of Civil Procedure, Title 28 U.S.C., to dismiss (a) for failure of the first amended complaint to state a claim upon which relief can be granted (particularly because they say the claims of the plaintiff appear on the face of the complaint to be barred by Missouri statutes of limitation), and (b) for failure to join indispensable parties, and these are the questions now before me.

I will first consider the question of whether the complaint fails to join indispensable parties, because, if it does so fail the action should be dismissed, not,

strictly, for want of jurisdiction, Atwood v. National Bank of Lima, 6 Cir., 115 F. 2d 861–862, but for lack of the indispensable parties to proceed, and I now give attention to that matter.

While the need to join "indispensable parties" and the permissive right to join parties who are "not indispensable", in an action pending in the Federal court, is procedural, and, hence, governed solely by rules of procedures applicable in the Federal court, particularly Rule 19 of Federal Rules of Civil Procedure, Title 28 U.S.C., yet the matter of who constitute "indispensable parties", in a particular case, depends upon the nature of the right in suit and that, in turn, depends upon the substantive law of the state, and, therefore, it is necessary to examine the law of the state to determine the nature of the right and to whom it is given in order to determine who are "indispensable parties" and who are not.

Rule 19 of Federal Rules of Civil Procedure, Title 28 U.S.C., provides:

"(a) Necessary Joinder. Subject to the provisions of Rule 23 (Class Actions) and of subdivision (b) of this rule, persons having a *joint interest* shall be made parties and be joined on the same side as plaintiffs or defendants. When a person who should join as a plaintiff refuses to do so, he may be made a defendant or, in proper cases, an involuntary plaintiff.

"(b) Effect of Failure to Join. When persons who are *not indispensable*, but who ought to be parties if complete relief is to be accorded between those already parties, have not been made parties and are subject to the jurisdiction of the court as to both service of process and venue and can be made parties without depriving the court of jurisdiction of the parties before it, the court shall order them summoned to appear in the action. The court in its discretion may proceed in the action without making such ("not indispensable") persons parties, if its jurisdiction over them as to either service of process or venue can be acquired only by their consent or voluntary appearance or if, though they are subject to its jurisdiction, their joinder would deprive the

court of jurisdiction of the parties before it; but the judgment rendered therein does not affect the rights or liabilities of absent persons." (Emphasis supplied.)

It is thus clear that persons having "a joint interest" are indispensable parties, and without them the action cannot proceed.

Defendants, by affidavit, verify that Nancy A. Kenny, sister of the testator, and an income beneficiary for life of the trust set up in his will, is living as are four nieces of the testator, who are remaindermen under the trust created by the will, and defendants argue that those persons have a "joint interest" with the plaintiff in the cause of action here advanced, which is unitary, and that those persons are indispensable parties, and are citizens and residents of Missouri and that when brought in, as they must be, complete diversity would no longer exist, and, therefore, the action must be dismissed.

Plaintiff, on the other hand, contends that the interest which she here advanced is not a "joint interest" but a several and separate one of her own, and that neither the other income beneficiaries nor the remaindermen under the trust created by her father's will are indispensable parties, but at most only proper parties to the suit and that, therefore, she has not failed to join indispensable parties within the meaning of Rule 12(b) (7) of Federal Rules of Civil Procedure.

This contention, affirmed on the one side and denied on the other, makes it necessary to examine the provisions of the testamentary trust created by decedent's will to determine the nature, under the controlling local law of Missouri, of the estate and interest given and to whom given, both legally and beneficially, thereby, and which is by this suit sought to be recovered, to see whether plaintiff has any right to prosecute the action, and, if so, whether she prosecutes a several and separate right of her own as she claims, or whether she here attempts to prosecute a right in which she has but a "joint interest" along with the other cestuis referred to, and whether they are

"indispensable" or "not indispensable" parties.

It is the settled law of Missouri that a will which makes a devise or bequest to a testamentary trustee automatically, on the death of the testator, vests the trustee with title to, and right to receive, the trust estate, just as any other devisee or legatee, (and title to real estate is not assets in the hands of the administrator or executor but vests immediately upon death in the heirs or devisees, Section 462.280, V.A.M.S.) and "no procedure in any court for the confirmation of the appointment of a trustee so named is compelled in Missouri, as it is in some states, as a condition precedent to a trustee entering upon the performance of his duties * * * [and] the court cannot 'prevent or promote the transmission and vesting of the title of estates devised in trust, in those who are named trustees'", Riggs v. Moise, 344 Mo. 177, 128 S.W.2d 632, 634, 635; and it is "the universal rule * * * that a trustee is required to reduce to possession and to conserve the assets of the trust estate. 3 Bogert on Trusts and Trustees, Section 583", Sternberg v. St. Louis Union Trust Co., 8 Cir., 163 F.2d 714, 718, and inasmuch as "the statute law of Missouri (this being a Missouri contract) empowers a trustee of an express trust to sue in his own name without joining beneficiaries. Mo.Rev.Stat. 1939, Section 850, (now Section 507.010, V.A.M.S.). * * * It is the duty of a trustee to exercise this, as well as all other of his powers in good faith * * *." Redmond v. Commerce Trust Co., 8 Cir., 144 F.2d 140, 154. And it is likewise well settled in Missouri that the property of the trust can only be recovered by the trustee, and the beneficiaries have no legal capacity to sue for its recovery, Scott v. Vogel-Boul Soda Water Co., 134 Mo.App. 302, 114 S.W. 44, 45, Myers v. Hale, 17 Mo.App. 204, 210, and the trustee may even maintain ejectment against his cestuis, Baker v. Nall, 59 Mo. 265.

Paragraph 2 of decedent's will, which creates the trust estate, devised it to "S. L. Kenny and James H. Dale, in

trust" and thus, under the law of Missouri, vested in them, as trustees, the title to the trust estate, and imposed upon them the duty of reducing it to possession and conserving it. The title to the cause of action for its wrongful taking is thus in them. Yet they are not parties to the suit nor is there any allegation of their removal, resignation, disclaimer or refusal to act, or that they are hostile or have an adverse interest. They are simply ignored in plaintiff's complaint.

It seems clear to me that the trustees are the indispensable parties to this action and the only persons entitled to prosecute it, until and unless it be shown that they (or their successors, if they are no longer in office) have an adverse or hostile interest to the beneficiaries, or, in bad faith, refuse to prosecute the suit and that, in this view, and in the present state of the case, none of the beneficiaries would be "indispensable parties" or any more than proper parties, to the suit.

But if the trustees are shown to be hostile, or to have an adverse interest, or, in bad faith, refuse to prosecute the suit, then the cestuis would not be without remedy, but might prosecute the action in their own right and names, and this brings us down to the question of whether any one of them alone—the plaintiff in particular—could, in such case, prosecute the suit, or whether all of the cestuis would be "indispensable" parties, and that, in turn, depends upon whether the action is "joint", within the meaning of Rule 19(a) of Federal Rules of Civil Procedure, and that question, in turn, depends upon the facts and the nature of the right as fixed by the substantive local law.

■ Looking to the terms of the testamentary trust, we readily see that the testator did not leave to the plaintiff any definite, fractional or percentage part of the corpus of the trust, in fact he did not leave to the plaintiff any part of the corpus of the trust; he left the whole corpus of the trust to the trustees. Plaintiff is given income from the trust for her life, but not from any separate, divisible, fractional or percentage part of the trust

estate, but, rather, a percentage of the net income from the whole of the trust estate. Having no separate, divisible, fractional or percentage interest in the trust estate, and no right to the income from any separate, divisible, fractional or percentage of the trust estate, but only a right to a percentage of the income from the whole of the trust estate, it seems to me that she has no several or separate interest in the corpus of the trust, but only a "joint interest", along with all the other cestuis of the trust and that, therefore, the cause of action here attempted to be asserted is a joint one and, hence, all of the cestuis having a "joint interest", within the terms of Rule 19(a) of Federal Rules of Civil Procedure, are "indispensable" parties to the suit. Certainly this action by the plaintiff, or a like one by any other cestui of the trust, would "affect the interest" of all others—a test set down in the often-quoted opinion of the Supreme Court in Shields v. Barrow, 17 How. 129, 130, 139, 15 L.Ed. 158. I, therefore, must and do conclude that any action by the cestuis (as distinguished from an action by the trustees) to recover the trust estate, in the circumstances here, must necessarily be a joint one, and that all "persons having a joint interest *shall* be made parties", as commanded by Rule 19(a) of Federal Rules of Civil Procedure.

■ This leaves a question as to whether only those cestuis who have a presently vested right to percentages of the net income from the whole of the trust estate are "indispensable parties", or whether the remaindermen—their identity and interest being contingent upon surviving the death of the last survivor of plaintiff and her son, as prescribed in the terms of the trust here—are also indispensable parties. The Circuit Court of Appeals for the Third Circuit considered this question in Baird v. Peoples Bank and Trust Company of Westfield, 120 F.2d 1001, 1003, 136 A.L.R. 693, and said: "The interest of the remaindermen in the corpus and in the specific investments is just as direct as that of the life tenants. Talbutt v. Se-

curity Trust Co., D.C., 22 F.Supp. 241; Franz v. Buder, 8 Cir., 11 F.2d 854. Since it is a succeeding interest it is not severable as an undivided present interest might be. It is obviously impossible to make a complete physical division of a trust fund between life tenants and remaindermen. Both are entitled to compel proper action with respect to the securities comprising the corpus of the trust. If they are permitted to resort to different courts for such relief inconsistent orders with respect to the same securities might well make orderly administration of the trust impossible. It necessarily follows that the presence of the remaindermen is indispensable in an action by life tenants relating to the corpus of the trust fund." The cases cited by the court amply sustain its conclusion. I, therefore, hold that if this action is not to be brought by the trustees of the trust (who, if they do prosecute the action, would be the only "indispensable parties"), but, because of their adverse interest, hostility, or refusal, in bad faith, to prosecute it, is to be prosecuted by cestuis, then all of them, both the present life income cestuis and the remaindermen, who are in esse (those not in esse being represented by those who are in esse), are indispensable parties to the action and must join in its prosecution.

Plaintiff relies upon the cases of Asher v. Bone, 9 Cir., 100 F.2d 315, Chidester v. City of Newark, D.C.N.J., 58 F.Supp. 787, Hale v. Campbell, 8 Cir., 127 F.2d 594, and Sadler v. Sadler, 9 Cir., 167 F. 2d 1, as authority for her claimed right to prosecute this action alone, but I find they do not sustain her in the circumstances here. In the Asher-Bone case six of seven distributees of an estate had received jointly monies belonging to the seventh, and when the seventh sued some, but not all, of the six distributees for the portion each of the defendants had received that should have gone to the plaintiff, the defendants' objection that all the distributees were indispensable parties was held bad, because "each distributee who procured a portion of the complainant's property by fraud could be held as

trustee *to that extent.*" [100 F.2d 318.] That is clearly the law, but does not touch the question here. The Sadler case by the same court is similar. The Chidester case did not involve a joint action, but was simply a suit by one tenant in common to recover and quiet his title to a fixed and definite inherited interest in certain lands. The Hale case simply held that an Iowa administrator was not an indispensable party in a suit to quiet title to lands in which his decedent may have had an interest, because under the law of Iowa, like the law of Missouri, real estate is not assets in the hands of the administrator or executor, but passes directly to the heir or devisee, and, hence, only the heirs or devisees were indispensable parties to the suit.

Plaintiff says, in her brief, that the cestuis are scattered over many states, and that there is probably "no court * * * in which she could bring this cause if all the heirs had to be made parties", and argues that "the court should not destroy plaintiff's cause by bringing them in, when the court, *in its discretion,* does not have to do so," (Emphasis mine). The answer is that all the cestuis being "indispensable parties", under the facts and the law, the court has no *discretion* to waive the mandatory requirement that they be made parties, however sympathetic he may be to plaintiff's position.

Because I do not know whether the trustees of the trust estate can be brought into this case to prosecute it, or what their citizenship is, and whether or not bringing them in to prosecute the case would defeat jurisdiction for lack of diversity, and because the citizenship of the several cestuis, in esse, is not concretely nor satisfactorily shown before me, I have determined not to dismiss the case at this time, but, on the contrary, to grant to the plaintiff 60 days from this date within which time either to bring the trustees of the trust estate into the case to prosecute it, as the sole "indispensable parties", or, if the trustees are shown to be hostile or to have an adverse interest, or to be otherwise disqualified

from good faith prosecution of the suit, then to bring in all of the cestuis of the testamentary trust who are in esse, to prosecute it, either as voluntary or involuntary plaintiffs, and when either course be completed within the time stated, the court will, on motion, determine the proper alignment of the parties in accordance with their interests, and if complete diversity exists will proceed with the case, but otherwise will be compelled to dismiss it.

Ruling upon that portion of defendants' motion which asks dismissal for failure of the first amended complaint to state a claim upon which relief can be granted, particularly the claim that the action is barred by Missouri statutes of limitation, will be deferred pending determination of whether the indispensable parties are before the court.