In view of the foregoing, attorney's fees will be denied.

Claim No. 45 of American National Bank will be allowed as a secured claim in the amount of $12,000.00 and as an unsecured claim in the amount of $26,927.-60.

Claim No. 56 of First National Bank, Centralia, will be allowed as a secured claim in the amount of $1,062.42, and as an unsecured claim in the amount of $5,-646.87.

The respective petitions to establish liens will be sustained as to the amount above found to be secured on the respective claims.

Orders will enter in accordance with the foregoing. No findings of fact or conclusions of law are made or given other than in this memorandum contained.

Helen McLanahan **STEVENS**

v.

Chauncey C. **LOOMIS** and First Agricultural National Bank of Berkshire County.

Civ. A. No. 63–544–W.

United States District Court
D. Massachusetts.

Nov. 7, 1963.

Jacob M. Atwood, Boston, Mass., for plaintiff.

Wilmot R. Hastings, and Robert J. Hallisey, Bingham, Dana & Gould, Boston, Mass., for defendant.

WYZANSKI, District Judge.

This case is now before the Court on defendants' motion to dismiss. Among the six grounds asserted are failure to join an indispensable party, Elizabeth McLanahan Loomis (hereinafter called Elizabeth), and failure to state a claim upon which relief can be granted.

Helen McLanahan Stevens (hereinafter called Helen) is a citizen of New York; her sister Elizabeth is a citizen of Massachusetts; Elizabeth's husband, Chauncey C. Loomis (hereinafter called Loomis), is a citizen of Massachusetts; and First Agricultural National Bank of Berkshire County is a national corporation, located in Massachusetts.

Helen and Elizabeth are daughters of the late Ella McLanahan (hereinafter called Ella), who died in 1942, apparently as a citizen and resident of Pennsylvania. She named Loomis and the Bank executors and trustees under her will. The Orphans' Court of Blair County, Pennsylvania granted probate of Ella's will, issued to Loomis and the Bank letters testamentary as executors, and, after their final accounting, discharged them on September 3, 1946. However, Loomis and the Bank are still serving as trustees. Whether they are testamentary trustees or inter vivos trustees, they seem to have been discharged from any duty to report to Pennsylvania Court, and are acting on the theory that they are administering a Massachusetts trust.

Helen filed a complaint against Loomis and the Bank. Elizabeth is not named as a party plaintiff or defendant. The complaint alleges that more than two decades ago Loomis injured Ella by breaches of his fiduciary duty to her. The locus of those breaches and the then citizenship and residence of Ella and Loomis are not specified. The pleading next alleges that Loomis and the Bank wrongfully and knowingly failed to pursue Ella's cause of action against Loomis individually, even after plaintiff on March 8, 1963 made demand on them, and that each of the two sisters, Helen and Elizabeth, "is a co-beneficiary of Ella's estate and trust" (Par. 22). Plaintiff prays that Loomis shall account to Ella's estate or the plaintiff for his profits and pay damages, and that the Bank shall pay damages "to Ella's estate and/or plaintiff."

■ Defendants' motion is founded upon Federal Rules of Civil Procedure, rule 19(a) which provides:

"Necessary Joinder. Subject to the provisions of Rule 23 and of subdivision (b) of this rule, persons

having a joint interest shall be made parties and be joined on the same side as plaintiffs or defendants. When a person who should join as a plaintiff refuses to do so, he may be made a defendant or, in proper cases, an involuntary plaintiff."

Defendants' argument is that the absent Elizabeth and the absent remaindermen under Ella's will (to whom the briefs but not the pleadings refer) are indispensable parties inasmuch as they are "persons having a joint interest" with Helen, the plaintiff; and that the complaint should be dismissed because, although their joinder is necessary under Rule 19(a), if they were to be joined there would be lacking diversity of citizenship between the parties and hence this Court would lack jurisdiction. This argument is entitled to prevail for the following reasons.

(1) This is a diversity action, under 28 U.S.C. § 1332. No other basis of federal jurisdiction has been suggested or is apparent.

(2) There has been much confusion in the cases as to whether in a diversity action federal or state rules determine indispensable parties whose joinder is necessary under Rule 19(a). Federal rules have been favored in, for example, Resnik v. La Paz Guest Ranch, 9th Cir., 289 F.2d 814; Cowling v. Deep Vein Coal Co., 7th Cir., 183 F.2d 652. State rules have been relied upon in Kroese v. General Steel Castings Corp., 3d Cir., 179 F.2d 760, and Dunham v. Robertson, 10th Cir., 198 F.2d 316. See Note, Indispensable Parties in the Federal Courts, 65 Harv.L.Rev. 1050, 1052.

Wright, Federal Courts (1963) p. 260 soundly observes: "The conflict is more apparent than real. A correct resolution is that state law determines the nature of the interest which a party has in a controversy, while the rules, and federal decisions construing them, control in determining whether a particular interest, found to exist under state law, should cause the party to be classified as indispensable, necessary or proper. Thus state decisions as to the nature of the interest are controlling, but state classifications as to the label to be applied to the party should not be." Hertz v. Record Publishing Company of Erie, 3d Cir., 219 F.2d 397, 399–400; Gas Service Co. v. Hunt, 10th Cir., 183 F.2d 417, 419; Braniff Airways, Inc. v. Falkingham, D. Minn., 20 F.R.D. 141; Baker v. Dale, V. D.Mo., 123 F.Supp. 364; and cases cited 2 Barron & Holtzoff, Federal Practice and Procedure, (Wright ed., 1960) § 511 n. 16.1.

*Ex majore cautela*, it should be noted that Professor Wright's fruitful proposal may not sufficiently emphasize the point that if, as a matter of substantive law, a state does not recognize that a plaintiff has a particular right of action unless he joins with him certain others, then, under Erie R. R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, the federal diversity court is precluded from giving a plaintiff who fails to join those others an opportunity to proceed as though alone he had a substantive right. Cf. Angel v. Bullington, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832, Baker v. Dale, W.D.Mo., 123 F.Supp. 364, 367. See Note, Developments in the Law Multiparty Litigation in the Federal Courts, 71 Harv.L.Rev. 874, 889. But see 3 Moore, Federal Practice (2d ed., 1948) par. 19.07, p. 2153, n. 11. To permit the federal diversity court to be used when the state court would exclude on substantive grounds a claim would be tantamount to creating a new federal substantive right without any constitutional or statutory warrant.

(3) In this diversity action the federal district court must turn to the law of Massachusetts, including its rules of conflict of laws, in order to determine the substantive rights of plaintiff or, as Professor Wright calls it, "the nature of the interest" which plaintiff has. Plaintiff's complaint, however, is so drawn as to make it difficult to know the precise technical rights and interest on which plaintiff relies.

■■ (a) If plaintiff contends that, as a legatee under Ella's will, or as a

beneficiary under Ella's testamentary trust, she can bring a *direct* action against Loomis for wrongs he caused Ella, plaintiff's contention is frivolous and without any support under the law of Pennsylvania where Ella's will was probated and her estate administered, or under the law of Massachusetts, where Loomis resides, or under any other law known to this Court. Hence, this branch ·of the complaint fails to state a cause of action. The appropriate procedure for a legatee or beneficiary of a testamentary trust who discovers, after the ·executors have rendered their final account and been discharged, that the estate has a neglected claim against a third person is to apply to some probate court, presumably in the state where the third person resides or possibly in the state where the testatrix's will was originally probated, for appointment of an administrator de bonis non, or a special administrator, or an ancillary administrator, so that the administrator may pursue the third person and bring into the estate the proceeds of the claim.

(b) If plaintiff contends that as a legatee or as a beneficiary she has a cause of action against defendants as Pennsylvania executors for breach of their duty, the law of Pennsylvania applies. But it is clear that under that or any other law this branch of the complaint fails to state a cause of action, inasmuch as defendants, having rendered their final account, have been discharged by the Orphans' Court and are no longer executors. If the estate has against them personally because of their conduct as executors a valid claim which is not foreclosed by the discharge decree of the Orphans' Court then the appropriate procedure is the one described in the preceding paragraph.

(c) If plaintiff contends that as a beneficiary under a testamentary trust she has a cause of action against the trustees for their failure to petition the Pennsylvania Orphans' Court or the Massachusetts Probate Court for the appointment of an administrator de bonis non for the purpose of prosecuting Ella's claim against Loomis, then Massachusetts substantive law applies to the claimed cause of action. Massachusetts courts would apply Massachusetts substantive law because the claimed cause of action seeks to call to account Massachusetts trustees for an alleged breach of their duty under a trust now being administered in this Commonwealth. Such control of the trust as Pennsylvania may . have had was minimal and did not exist during most of the period when it is alleged they negligently failed to take appropriate steps to bring Loomis to account.

The claimed cause of action just referred to in paragraph (c) above is admittedly not very artistically set forth in the complaint. Quite erroneously, the complaint advances the theory that defendants as trustees could have sued Loomis personally, and were chargeable with a breach of duty for not having done so. That theory is untenable, and, as stated in paragraph (a) above, frivolous inasmuch as the trustees had no power directly to sue Loomis personally for any wrong he inflicted on Ella. But the trustees could have petitioned a probate court for the appointment of an administrator to sue Loomis. Nor is it necessarily a fair reply to tell the plaintiff that she also had the power to petition a probate court for just such an administrator. For, a generous, expansive reading of the complaint indicates that the trustees have for a long time known of a claim that Ella's estate could make against Loomis personally, that plaintiff only recently acquired such knowledge, and plaintiff's grievance is that as trustees defendants committed a breach of duty by not petitioning the probate court seasonably and before the claim of Ella's estate against Loomis personally was outlawed by the statute of limitations, or made stale by laches.

■ If then we assume that under Massachusetts substantive law the trustees are accountable for a failure promptly to petition a probate court, is the right to hold them to account a right jointly held by all the beneficiaries, or is it a

right which any one of the beneficiaries can present as a cause of action? We are here concerned with whether under Massachusetts substantive law plaintiff has an individual direct, separable right of action or only an interest in participating in a joint right of action. This is different from the purely procedural question whether if plaintiff, as one of many beneficiaries, brings in the Massachusetts state court an action against her trustees she is subject to the Massachusetts pleading rule requiring that *cestuis que trust* be joined as necessary parties. See Northampton National Bank v. Crafts, 145 Mass. 444, 447, 14 N.E. 758; Shirk v. Walker, 298 Mass. 251, 262; Gulda v. Second National Bank, 323 Mass. 100, 80 N.E.2d 12, 15 A.L.R.2d 605. Apart from local procedural rules, Massachusetts, as a matter of substantive law, see, for example, Chase v. Chase, 84 Mass. 101 and Collector of Taxes v. Slafsky, 332 Mass. 700, 704, 127 N.E.2d 309, recognizes the doctrine, universally accepted, that "any one or more of the beneficiaries of a trust can maintain a suit against the trustee to enforce the trust or to enjoin or obtain redress for a breach of trust." Scott on Trusts, § 200, vol. II, p. 1501. So, under Massachusetts law Helen, acting alone, has a direct, separable right of action.

But this does not conclusively settle the vital question whether as a matter of federal procedural law Helen's right is of such a character as to constitute under Rule 19(a) a "joint interest" with others who are indispensable parties. As will be shown in the next section of this Opinion, the phrase "joint interest" in Rule 19(a) has a practical meaning which may be broader or narrower than the technical test as to whether under the substantive law the parties have a "joint interest."

■ (4) In interpreting Rule 19(a) and in distinguishing indispensable from conditionally necessary parties, the federal courts have developed the rule that when a beneficiary or legatee sues a trustee or executor who has an adverse interest, all beneficiaries or legatees are indispensable to that action if its object is to benefit not merely a particular beneficiary but the entire corpus. Young v. Powell, 5th Cir., 179 F.2d 147 (per Hutcheson, C. J.); Baird v. Peoples Bank and Trust Co., 3d Cir., 120 F.2d 1001 (per Maris, C. J.); Baker v. Dale, W.D. Mo., 123 F.Supp. 364 (per the future Mr. Justice Whittaker, then Whittaker, D. J.); Talbutt v. Security Trust Co., E.D. Ky., 22 F.Supp. 241 (per H. C. Ford, D. J.); Note, supra, 71 Harv.L.Rev. 874, 880, n. 23; Moore, supra, § 19.08, p. 2158, note 13. Ordinarily this rule is stated as a rather mechanical application of the third category enunciated in Shields v. Barrow, 17 How. (58 U.S.) 130, 139, 15 L.Ed. 158. But despite the form of statement the rule rests "on practical considerations." Cf. Shaughnessy v. Pedreiro, 349 U.S. 48, 54, 75 S.Ct. 591, 99 L.Ed. 868; Roos v. Texas Co., 2d Cir., 23 F.2d 171. See Hazard, Indispensable Party: The Historical Origin of a Procedural Phantom, 61 Colum.L.Rev. 1254; Reed, Compulsory Joinder of Parties in Civil Actions, 55 Mich.L.Rev. 327; Wright, Federal Courts (1963) pp. 262–263. The refusal to allow a beneficiary of a trust or a legatee of a will to assert against his trustee or executor a claim benefiting the entire corpus unless all the co-beneficiaries are joined reflects considerations of fairness, for even if the defendant won he might be forced to litigate a second time. See Note, supra, 71 Harv.L.Rev. 874, 881. Moreover, there might be inconsistent orders making "orderly administration of the trust impossible." Baird v. Peoples Bank & Trust Co., 3d Cir., 120 F.2d 1001, 1003. Furthermore, in litigation involving trusts (or, for that matter, estates) it is commonly true, and in the case at bar it is demonstrably true, that if the federal court dismisses this case for failure of plaintiff to join indispensable parties, the plaintiff can proceed in the court of the state where the trust is being administered and successfully join there, if not the person of every beneficiary, at least the interest of every beneficiary in the trust. Finally, the federal rule requiring joinder of co-legatees

and co-beneficiaries in litigation affecting the corpus of an estate or trust may reflect an unwillingness to have a large volume of state probate and trust business drawn from expert local tribunals into less experienced federal courts.

From the foregoing discussion it follows that Elizabeth and the remaindermen are indispensable parties whose joinder is necessary under Rule 19(a). But if such joinder were to be effectuated this Court's diversity jurisdiction would be destroyed, inasmuch as Elizabeth as a Massachusetts citizen and party plaintiff would have the same citizenship as both defendants. It follows that the case must be dismissed for want of an indispensable party who cannot be joined. Shields v. Barrow, 17 How. 129 (58 U.S. 129, 130), 15 L.Ed. 158; Schuckman v. Rubenstein, et al., 6th Cir., 164 F.2d 952; Young v. Powell, 5th Cir., 179 F.2d 147; Baird v. Peoples Bank & Trust Co., 3d Cir., 120 F.2d 1001; Baker v. Dale, W.D.Mo., 123 F.Supp. 364; Talbutt v. Security Trust Co., E.D.Ky., 22 F.Supp. 241. Note, supra, 71 Harv.L.Rev. 874, 879; Wright, supra, p. 8.

This Court has not overlooked the point that Elizabeth, being the wife of defendant Loomis, is unlikely ever to sue these defendants. See the comment in Note, supra, 71 Harv.L.Rev. 874, 881 upon Green v. Green, 7th Cir., 218 F.2d 130. Perhaps there may be situations where a plaintiff beneficiary who sues trustees need not join a co-beneficiary whose interest is sentimentally attached to the interest of the trustees. But in the present case there are, in addition to Elizabeth, remaindermen who are not sentimentally attached to defendants and who are absent and indispensable.

Nor has this Court overlooked the possibility that plaintiff might seek to amend her complaint to try to bring a class action under Rule 23(a). Then the citizenship of Elizabeth and the remaindermen would be irrelevant, and this Court would have diversity jurisdiction because all defendants are Massachusetts citizens and the only named representative of the asserted class of plaintiffs is a New York citizen. Supreme Tribe of Ben Hur v. Cauble, 255 U.S. 356, 41 S.Ct. 338, 65 L. Ed. 673; Wright, supra, p. 271. But probably the persons who could constitute the proposed class would not be sufficiently numerous to satisfy the requirements of Rule 23(a). Cf. Atwood v. National Bank of Lima, 6th Cir., 115 F.2d 861; 2 Barron & Holtzoff (Wright ed.) supra § 562.4 nn. 60, 60.1; Moore, supra, par. 23.05 pp. 3420-3422; Wright, supra, p. 267. More important, a class suit in the federal court would be less efficient and fair than a proceeding readily available in the state court involving all interests in the trust.

Motion to dismiss complaint for failure to join an indispensable party granted.